**Sam GIEBELHAUS; Charlotte Giebelhaus, Plaintiffs–Appellants,**

v.

**SPINDRIFT YACHTS; R. Anthony Bell; World Trader Yachts, Inc.; John Frederick Roberts; Elizabeth Marlene Roberts, Defendants–Appellees.**

No. 90–55502.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1991.

Decided July 10, 1991.

---

David N. Ramras, Phoenix, Ariz., for plaintiffs-appellants.

Keith Zakarin, San Diego, Cal., for defendants-appellees.

Before TANG, REINHARDT and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Sam and Charlotte Giebelhaus appeal from the district court's order denying their motion for Fed.R.Civ.P. 11 sanctions against attorney Lawrence Kaye. Kaye represented World Trader Yachts, Inc., John Roberts, and Elizabeth Roberts, named defendants in the Giebelhauses' suit asserting ownership of a yacht named "Bonus Baby". This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the judgment of the district court.

## BACKGROUND

In July, 1986, the Giebelhauses entered a written agreement with Spindrift Yachts for the purchase of a yacht, later named "Bonus Baby". The yacht was to be built in Taiwan and shipped to the United States for delivery to the Giebelhauses. By June 1987, when the yacht was constructed and ready for shipment, Spindrift contacted World Trader Yachts, Inc. ("WTY"), and sought financing for the yacht. On July 14, 1987, WTY arranged for the issuance of a letter of credit for the purchase price of the yacht in favor of the Taiwanese yacht builder. The yacht arrived in the United States on July 20, 1987, and was placed in Spindrift's possession.

Anthony Bell, the proprietor of Spindrift, fled the country in November 1987, apparently because of his involvement in fraudulent activities. The Giebelhauses took possession of the yacht, and, on December 17, 1987, they filed a complaint in federal district court seeking to establish their ownership of the yacht. Named defendants included Spindrift, WTY, and John and Elizabeth Roberts, the proprietors of WTY. Spindrift withdrew any possible claim to the yacht, and therefore, the dispute centered on the competing ownership interests of the Giebelhauses, WTY, and the Roberts. During the course of pre-trial litigation, WTY and the Roberts claimed, through their attorney Lawrence Kaye, that they were the owner of the yacht. At the time, Kaye was a partner with the law firm Lillick & McHose. After various pre-trial motions, the Giebelhauses, WTY, and the Roberts reached a settlement under which WTY and the Roberts consented to the entry of judgment in favor of the Giebelhauses in exchange for $25,000. On November 8, 1989, the district court, pursuant to the parties' settlement agreement, en-

tered judgment in favor of the Giebelhauses.

On October 30, 1989, the Giebelhauses filed a motion for Rule 11 sanctions against attorney Kaye. They argued that WTY and the Roberts had no factual or legal basis for asserting an ownership interest in the yacht. Although his name appeared on them, Kaye never personally signed the pleadings upon which the Giebelhauses based their Rule 11 motion. The pleadings were instead signed by a Lillick & McHose associate who was not named in the motion. The Giebelhauses sought sanctions totalling $180,000, the approximate amount of their attorney fees. On November 27, 1989, Kaye filed his opposition and requested sanctions against the Giebelhauses for the filing of a frivolous Rule 11 motion. The district court heard oral argument on the Rule 11 motions and, on January 18, 1990, filed an order denying both sanction motions. The Giebelhauses appeal.

## DISCUSSION

■ This court reviews a district court's denial of Rule 11 sanctions for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1143 (9th Cir.1990). In the instant case, it is unclear whether the district court denied the Giebelhauses' motion on the merits, finding that the ownership position advanced by WTY and the Roberts was not improper, or on legal grounds, finding that Kaye was not subject to Rule 11 sanctions.[1] Our decision rests on legal grounds.

Rule 11 provides in pertinent part:

Every pleading ... shall be signed by at least one attorney of record *in the attorney's individual name....* The signature of an attorney ... constitutes a certificate *by the signer* that the signer has read the pleading ... [and] that to

the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law.... If a pleading ... is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose *upon the person who signed it,* a represented party, or both, an appropriate sanction....

Fed.R.Civ.P. 11 (emphasis added). We have explained that district courts are entitled to apply Rule 11 vigorously to "curb [the] widely acknowledged abuse from the filing of frivolous pleadings." *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir.1986). However, by its terms, Rule 11 limits the imposition of sanctions to "the person who signed" the pleadings. We must, as a threshold matter, determine whether Rule 11 sanctions apply to attorney Kaye, whose name appears only in type on the suspect pleadings. This is a legal question. While we review the district court's decision for an abuse of discretion, "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law...." *Cooter & Gell,* 110 S.Ct. at 2461.

The Supreme Court has explained that Rule 11 applies only to attorneys who personally sign suspect pleading. In *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), the Court reviewed the imposition of sanctions against a law firm, Pavelic & LeFlore, for maintaining a forgery claim which had no basis in fact and which the firm's lawyers had failed properly to investigate. *Id.* 110 S.Ct. at 457. The pleadings at issue were signed as follows:

Pavelic & LeFlore

By /s/ Ray L. LeFlore

(A Member of the Firm)

Attorneys for Plaintiff

---

1. At the time the district court held a hearing on the Giebelhauses' motion for Rule 11 sanctions, the Supreme Court had not yet decided *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), upon which our opinion rests. At the hearing, the district court expressed its intent to deny the

motion on the merits. However, the district court's order denying the sanctions for the record was filed after the Supreme Court decided *Pavelic.* The order does not indicate the district court's precise reason for denying the Giebelhauses' motion.

The Court, interpreting the language of Rule 11, held that sanctions are only available against the individual signing attorney and not against the attorney's law firm. *Id.* 110 S.Ct. at 458–60; *see also Hudson v. Moore Business Forms, Inc.*, 898 F.2d 684, 687 (9th Cir.1990) (remanding sanctions against law firm for modification in light of *Pavelic & LeFlore* decision). In determining that the Rule 11 duty was properly placed only on signing attorneys and that the duty was not subject to delegation, the Court explained:

> The signing attorney cannot leave it to some trusted subordinate, or to one of his partners, to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he personally has applied his own judgment. Where the text [of Rule 11] establishes a duty that cannot be delegated, one may reasonably expect it to authorize punishment only of the party upon whom the duty is placed....
>
> ....
>
> ... The message thereby conveyed to the attorney, that this is not a "team effort" but in the last analysis *yours alone*, is precisely the point of Rule 11. Moreover, psychological effect aside, there will be a greater economic deterrence upon the signing attorney, who will know for certain that the district court will impose its sanction entirely upon him....

*Pavelic & LeFlore*, 110 S.Ct. at 459, 460 (emphasis in original).

■ In the instant case, the Giebelhauses seek Rule 11 sanctions against Kaye, the senior attorney at Lillick & McHose representing WTY and the Roberts. The suspect pleadings were signed only by a Lillick & McHose associate, Patricia Sieveke, as follows:

LILLICK & McHOSE

Lawrence W. Kaye

Patricia A. Sieveke

By: /s/ Patricia A. Sieveke

    Attorneys for Defendants and Counterclaimants World Trader Yachts, Inc.,

    John Frederick Roberts and Elizabeth Marlene Roberts

Kaye contends that *Pavelic & LeFlore* directly controls and insulates him from Rule 11 exposure. The Giebelhauses argue that 1) *Pavelic & LeFlore* is not controlling because the decision is limited to a law firm's Rule 11 responsibility and Kaye should be sanctioned by virtue of his role as the senior Lillick & McHose attorney involved in the litigation, and 2) even under *Pavelic & LeFlore*, Kaye is subject to sanctions because his typed name on the suspect pleadings constitutes a signature.

The Giebelhauses' first argument is meritless. Narrowly read, the Supreme Court's *Pavelic & LeFlore* decision does not directly control this case, as its facts necessarily limit its holding to the exposure of a law firm to Rule 11 sanctions. However, the Court's decision certainly establishes that only signing attorneys are subject to Rule 11 sanctions. The Giebelhauses argue that Kaye's relationship to the litigation dictates that sanctions are appropriate. However, under *Pavelic & LeFlore*, if Kaye did not sign the suspect pleadings, he cannot be sanctioned under Rule 11. Absent a signature, Kaye's relationship to the litigation is irrelevant under the express terms of Rule 11.

■ Therefore, the issue in this case centers on the Giebelhauses' second argument, that Kaye's typewritten name constitutes a signature. For support, the Giebelhauses rely primarily on the definition of "sign" in *Black's Law Dictionary*, (4th ed. 1968).[2] While the definition in *Black's* may be broad, we find that for the purposes of Rule 11, a "signature" is more than simply

---

**2.** *Black's* defines "sign" in part:

> To affix one's name to a writing or instrument, for the purpose of authenticating it, or to give it effect as one's act. To attach a name or cause it to be attached to a writing by any of the known methods of impressing a name on paper. To make any mark, as upon a document, in token of knowledge, approval, acceptance, or obligation.
>
> *Black's Law Dictionary* 1552 (4th ed. 1968) (citations omitted).

a typewritten name. Rule 11 contemplates greater assent to the contents of a pleading than is evidenced by a typewritten name. This conclusion is supported by the Tenth Circuit's decision in *White v. American Airlines, Inc.,* 915 F.2d 1414 (10th Cir. 1990), in which the appellant argued that the district court abused its discretion by refusing to award sanctions against an attorney whose name appeared in type on a suspect pleading signed by the attorney's client. The court of appeals, agreeing with the district court that Rule 11 only "focuses on the individual who signs the document in question", held that the attorney was not subject to sanctions. *Id.* at 1426–27. We agree with the implied rationale of *White,* that a typewritten name is not a signature for the purpose of Rule 11. Thus, the district court's judgment accurately reflects the law; we find no abuse of discretion.[3]

## CONCLUSION

Under *Pavelic & LeFlore,* we hold that an attorney's status as lead counsel in a case, absent a signature on the suspect pleadings, does not subject the attorney to Rule 11 sanctions. Further, as a logical extension of *Pavelic & LeFlore,* we hold that a typewritten name is not a Rule 11 signature. In the instant case, because Kaye did not personally sign the suspect pleadings, he is not subject to Rule 11 sanctions. Therefore, the judgment of the district court denying Fed.R.Civ.P. 11 sanctions against attorney Kaye is AFFIRMED. Kaye's motion for sanctions against the Giebelhauses on appeal is denied.

---

**3.** By our decision, we do not mean to detract from the professional obligation of a partner and supervisory lawyer to ensure the compliance of subordinate lawyers with the rules of professional conduct. *See* Model Rules of Professional Conduct Rule 5.1 (1989). These rules include a prohibition on frivolously controverting any issue raised in a proceeding. *See id.* Rule 3.1.