15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James SKERTICH, Margaret Skertich, Plaintiffs,
and
Backes, Friesen & Wolf, APC, Appellant,
v.
ZALE CORPORATION, Defendant-Appellee.
 No. 91-55327.
 United States Court of Appeals, Ninth Circuit.
 Argued Feb. 7, 1992.
Submission Deferred Feb. 7, 1992.
Resubmitted Dec. 23, 1993.
Decided Dec. 28, 1993.
 
 Before: ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Backes, Friesen & Wolf appeals from the district court order imposing Fed.R.Civ.P. 11 sanctions against the law firm. We have jurisdiction under 28 U.S.C. Sec. 1291. Because Rule 11 authorizes sanctions against an attorney who signs a pleading in violation of the rule, but not against that attorney's law firm, we reverse.
 
 
 3
 * In 1987, James and Margaret Skertich brought suit against their former employer, Zale Corporation, alleging, among their various claims, breach of contract. Throughout the course of that litigation, the Skertichs were represented by the law firm of Backes, Friesen & Wolf.
 
 
 4
 During discovery in the Skertich action, Zale requested by written interrogatory the identity of all witnesses whom the Skertichs intended to call at trial. In response to Zale's interrogatory, the Skertichs named only the parties to the lawsuit and stated that "the rest are unknown at this time." When, after the close of discovery, the Skertichs attempted to supplement their list of trial witnesses with some twenty-five new names, a magistrate judge assigned to supervise discovery ordered that the previously undisclosed witnesses would not be permitted to testify at trial.
 
 
 5
 Under Fed.R.Civ.P. 72(a), objections to a magistrate's order must be served and filed within ten days after entry of the order. In this case, Marie A. Backes of Backes, Friesen & Wolf waited almost a month before serving and filing objections to the magistrate's order excluding the Skertichs' witnesses. Moreover, Backes failed to obtain leave of the court under Fed.R.Civ.P. 6(b)(2) before filing the untimely objections. Instead, Backes first filed the objections and only later did she move for leave to file the untimely pleading.
 
 
 6
 At a hearing on the matter, the district court denied the Skertichs' motion to file an untimely pleading and dismissed their objections to the magistrate's order. Then, after finding that it was frivolous to file untimely objections without first obtaining leave of court, the district court ordered that "the law firm of Backes, Friesen & Wolf" pay sanctions under Rule 11 to Zale in the amount of $5,550.
 
 II
 
 7
 We review the district court's sanctions under Rule 11 for an abuse of discretion. Federal Sav. and Loan Ins. Corp. v. Molinaro, 923 F.2d 736, 739 (9th Cir.1991). A district court necessarily abuses its discretion when it bases sanctions on an erroneous view of the law. Id.
 
 
 8
 Federal Rule of Civil Procedure 11 provides that "[i]f a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction...." In Pavelic & LeFlore v. Marvel Entertainment, 493 U.S. 120 (1989), the Supreme Court held that the phrase "person who signed" means "the signing attorney." Consequently, the Court held, while Rule 11 authorizes a court to impose a sanction against a signing attorney, it does not authorize sanctions against that attorney's law firm. Id. at 127.
 
 
 9
 We have, on previous occasions, applied Pavelic. On those occasions we have reiterated that only a signing attorney is subject to Rule 11 sanctions. See, e.g., Giebelhaus v. Spindrift Yachts, 938 F.2d 962, 965 (9th Cir.1991); MGIC Indemnity v. Moore, No. 89-55713, slip op. 17173, 17177 (9th Cir. Dec. 27, 1991).
 
 
 10
 In Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 687 (9th Cir.1990), we affirmed and remanded a sanctions award entered against a law firm and individual signing attorneys. Hudson does not control here. In the present case, unlike Hudson, the sanctions award was entered only against the law firm and not against an individual signing attorney. Consequently, we must reverse the Rule 11 sanctions award as an abuse of discretion. Because we reverse based on Pavelic, we express no opinion whether, under Rule 11, it is frivolous to file untimely objections to a magistrate's order without first obtaining leave to file the untimely pleading.
 
 III
 
 11
 The district court's $5,550 sanctions award is REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3