51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONSOLIDATED INTERNATIONAL AUTOMOTIVE, INC., Plaintiff,
Kenneth A. Freedman; Chung Fung Yu, Plaintiffs-Appellants,
v.
Kuang Shiung CHEN; Chu Fong Metallic Industrial
Corporation; San Chien International Industrial,
Inc.; San Chien Electrical Industrial
Works, Ltd., Defendants-Appellees.
CONSOLIDATED INTERNATIONAL AUTOMOTIVE, INC.; Robert T.
Hume, Plaintiffs-Appellants,
v.
Kuang Shiung CHEN; Chu Fong Metallic Industrial
Corporation; San Chien International Industrial,
Inc.; San Chien Electrical Industrial
Works, Ltd., Defendants-Appellees.
 Nos. 93-55337, 93-55355.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided March 30, 1995.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants Kenneth Freedman and Consolidated Industrial Automotive (CIA) appeal Rule 11 sanctions of $85,059.33 awarded against Freedman (attorney for CIA), Hume (consultant to CIA) and CIA after they sued appellees Kuang Shiung Chen and various Taiwanese businesses (hereafter collectively referred to as "Chen"). CIA sought damages from Chen based on Chen's dumping of chrome-plated lug nuts onto the United States market in violation of 15 U.S.C. Sec. 72 (Anti-Dumping Act of 1916) (hereafter "1916 Act"). We reverse the court's award of sanctions against Hume, CIA, and Freedman.
 
 
 4
 * CIA filed its claim in district court after the Department of Commerce (DOC) and the International Trade Commission (ITC) found that Chen was selling lug nuts at less than fair value, in violation of the Anti-Dumping Act of 1921, 19 U.S.C. Sec. 1673, (the "1921 Act"), which provides the ITC with authority to investigate dumping and fine importers.
 
 
 5
 The district court granted Chen's motion for summary judgment on October 5, 1992, after Freedman filed a notice of non-opposition.[1] Chen then moved for sanctions under Fed.R.Civ.P. 11,[2] 28 U.S.C. Sec. 1927, and the court's inherent authority to award sanctions, arguing that CIA knew throughout the proceedings that it could not prevail under the 1916 Act. Chen sought $72,459.20 for attorney's fees, $8,515 for accountant's fees, and $2,085.13 for other costs, for a total of $83,059.33.[3]
 
 
 6
 The district court granted Chen's motion for sanctions under former Rule 11 on March 18, 1993. Because the court offered no grounds for its decision other than the statement "pure heart, empty head doesn't go since the amendment of Rule 11," we do not consider whether sanctions would be proper on any other basis.
 
 II
 
 7
 A district court's determination to grant sanctions under Rule 11 is reviewed on appeal for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). The Supreme Court in Cooter & Gell stated that "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." In this case, the court below has not provided this court with its views or assessments.
 
 
 8
 Rule 11 sanctions may be imposed "if either a) the pleading is filed for an improper purpose, or b) the pleading is frivolous." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). The standard for determining the propriety of former Rule 11 sanctions is one of objective reasonableness. Woodrum v. Woodward County, 866 F.2d 1121, 1127 (9th Cir.1989).
 
 
 9
 * We first consider whether Robert Hume was properly sanctioned under former Rule 11. Hume had served as counsel to CIA during its anti-dumping proceedings with the DOC and the ITC. Hume was not counsel to CIA on this case. Hume did not sign the pleadings. Former Rule 11 cannot be used to sanction him because he is not one of the persons specified under the rule--he was not a party in the underlying action, nor was he a party's attorney, nor did he sign the pleadings or present them to the court. Fed.R.Civ.P. 11; see also Giebelhaus v. Spindrift Yachts, 938 F.2d 962 (9th Cir.1991). A similarly strict construction of former Rule 11 is reflected in Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 124 (1989), in which the Supreme Court held that former Rule 11 sanctions may only be imposed upon the individual attorney signing the papers, not his law firm.
 
 
 10
 The district court's granting of sanctions against Robert Hume was an abuse of discretion, and we reverse.
 
 B
 
 11
 Next, we consider whether CIA was properly sanctioned under former Rule 11. Former Rule 11 provides for the sanctioning of a party that signs pleadings. Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 545 (1991). In addition, former Rule 11 sanctions can apply to "signatures that are not required but [are] nevertheless present." Id. at 542-43. Mark Plumer, President of CIA, signed the verification attached to the Complaint.[4] Therefore, any liability CIA faces under former Rule 11 must flow from the complaint, because the complaint is the only document CIA signed.
 
 
 12
 At the time of the complaint, the DOC and ITC had found that the defendants had engaged in dumping. Although the 1921 Act requires no showing of harm to a particular business and no showing of predatory intent, as the 1916 Act does, the DOC and ITC proceeding did provide some evidence that CIA could use to establish these elements in its own claim for damages.
 
 
 13
 In support of its argument for sanctions, Chen states that no plaintiff has prevailed in any reported case in a claim for damages under the 1916 Act. One case, however, refers to an unpublished default judgment for violating the 1916 Act. See Helmac Products Corp. v. Roth (Plastics) Corp., 814 F.Supp. 581, 583 (E.D.Mich.1993). However, a filing is not categorically frivolous merely because of the probable difficulties a plaintiff faces in bringing a claim. See Western Concrete Structures Co., Inc. v. Mitsui & Co. U.S.A., 760 F.2d 1013, 1019 (9th Cir.), cert. denied, 474 U.S. 903 (1985).
 
 
 14
 Chen also claimed that CIA's complaint was frivolous because CIA could not prove damages by showing lost profits, CIA should have known that Chen's pricing was not below costs, and CIA should have recognized that its loss of business was not caused by Chen's predatory pricing. We find that the DOC and ITC findings provided a sufficient basis for CIA's damages and predatory pricing claims. CIA was not required under former Rule 11 to calculate precisely the amount of damages in its complaint. Nor was CIA required to trace its lost business definitively to Chen's predatory business behavior before filing a complaint.
 
 
 15
 We find that CIA's complaint was not frivolous, and that it was an abuse of discretion for the district court to sanction CIA.
 
 C
 
 16
 Finally, we consider whether Kenneth Freedman was properly sanctioned. Freedman was CIA's attorney of record in its claim against Chen, and he signed the complaint and the pleadings.
 
 
 17
 Chen argues that Freedman's performance fell short of former Rule 11's standards because, after a diligent inquiry, Freedman should have known that Chen's two clients for lug nuts in the United States were purchasers to whom CIA either could not provide the desired product (Coyote) or would not extend credit (Hi-Tech). Chen also argued that Freedman had insufficient evidence of specific predatory intent required under the 1916 Act. See 15 U.S.C. Sec. 72.
 
 
 18
 We hold that Freedman's inquiry into the facts of the complaint was adequate under former Rule 11. Freedman could properly conclude that CIA had suffered damages based on the observed decrease in sales. He could reasonably infer that these damages were caused by Chen's trading practices, as documented by the ITC and DOC. Prior to discovery, he could not be expected to know who Chen's customers were and therefore could not be expected to know that Chen was only selling to customers who would not have purchased lug nuts from CIA anyway. Finally, Freedman was entitled to infer predatory intent from the findings of the ITC and DOC.
 
 
 19
 However, when litigants fail to produce evidence to support elements of their claims, the court grants a motion for summary judgment. In order to justify sanctions, a court should find that a litigant has engaged in something more. Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir.1987) ("[S]anctions [under former Rule 11] are appropriate: where a litigant makes a "frivolous filing," that is, where he files a pleading ... which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading for an "improper purpose," such as personal or economic harassment.); see also Zaldivar v. City of Los Angeles, 780 F.2d 823 (9th Cir.1986).
 
 
 20
 Freedman's filings do not display this kind of abuse of process. Although this litigation was properly dismissed on Chen's motion for summary judgment, the district court's sanctioning of Freedman inappropriately broadened the Rule 11 standard to encompass legal claims which are legally insufficient yet not frivolous or abusive. We hold that sanctioning Freedman was an abuse of the court's discretion, and we reverse.
 
 
 21
 In conclusion, we reverse the awards of sanctions against Robert Hume, CIA, and Kenneth Freedman.
 
 
 22
 REVERSED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 CIA explained that it did not oppose Chen's summary judgment motion because medical problems potentially limited the availability of two key witnesses. See Freedman Declaration and Plumer Declaration, attachments to Memorandum, CIA Excerpts of Record at Tab 6
 
 
 [2]
 Rule 11 was amended effective December 1, 1993. The previous version of Rule 11 ("former Rule 11") was applied in this case, and reads:
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose ... an appropriate sanction....
 Because the district court's sanctions are inappropriate under either former Rule 11 or the current version, we need not address the retroactive application of the 1993 amendments to this case.
 
 
 [3]
 This figure is from a declaration from Chen's attorney in Chen's Memorandum of Points and Authorities. However, in the Introduction to the Memorandum, the total is reported as $85,059.33, with no explanation. The court's Order granting Chen's Motion for Sanctions requires plaintiffs to pay $85,059.33
 
 
 [4]
 The other documents provided in the record are signed by Freedman or Julian Capata, an attorney affiliated with Freedman