**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cruz INIGUEZ, aka Cruz Iniguez Garcia, Manuel Martinez, and Cruz Garcia Iniguez, Defendant—Appellant.**

**United States Of America,
Plaintiff—Appellant,**

v.

**Cruz Iniguez, aka Cruz Iniguez Garcia, Manuel Martinez, and Cruz Garcia Iniguez, Defendant—Appellee.**

**Nos. 01–50553, 01–50629.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2004.*

Decided May 26, 2004.

See, also, 368 F.3d 1113.

Miriam A. Krinsky, Office of the U.S. Attorney, Los Angeles, CA, Linda M. Aouate, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Gary P. Burcham, San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

This appeal arises out of the conviction of Cruz Iniguez for one count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846, and three counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Iniguez appeals his conviction on two grounds: 1) the district court abused its discretion by denying Iniguez's motion to suppress wiretap evidence; and 2) the evidence was insufficient to support Iniguez's conviction for two of the three counts of possession with intent to distribute methamphetamine.[1] We affirm.

### 1. *Suppression of wiretap evidence*

■ The district court did not abuse its discretion by denying Iniguez's motion to suppress the wiretap evidence.[2] Contrary

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Additionally, the government cross-appeals Iniguez's sentence. We address this cross-appeal in an en banc opinion filed concurrently with this memorandum disposition.

*See United States v. Iniguez,* 368 F.3d 1113 (2004) (en banc).

2. We review de novo whether the FBI submitted a full and complete statement of facts under 18 U.S.C. § 2518(1)(c); for abuse of discretion the district court's necessity determination; and for clear error the district court's underlying factual findings. *United States v. Blackmon,* 273 F.3d 1204, 1207 (9th Cir.2001).

to Iniguez's assertions, the FBI's application was neither misleading nor inadequate. Although the application did not contain an exhaustive list of the agency's pre-wiretap evidence, it contained no "material misstatements or omissions regarding the necessity of the wiretap." *United States v. Carneiro*, 861 F.2d 1171, 1176 (9th Cir.1988). The wiretap application, which provided a careful discussion of why a wiretap was particularly necessary in this case, including detailed analyses of why normal investigative techniques could not achieve the investigation's stated objectives, met the requirements of § 2518. *See* 18 U.S.C. § 2518(1)(c); *United States v. Ippolito*, 774 F.2d 1482, 1486 (9th Cir. 1985).

### 2. *Sufficiency of evidence—Count 3*

■ The evidence was sufficient to support Iniguez's conviction for Count 3—possession with intent to distribute methamphetamine on August 6, 1998.[3] The government presented the jury with sufficient evidence to convict Iniguez of Count 3 under either a constructive possession theory, *United States v. Cain*, 130 F.3d 381, 382 (9th Cir.1997), or a *Pinkerton* theory, *Pinkerton v. United States*, 328 U.S. 640, 645–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

We reject Iniguez's arguments that the district court explicitly limited its *Pinkerton* instruction to Count 1 and that a *Pinkerton* instruction was inappropriate because Iniguez was in custody when the substantive transactions underlying Counts 3 and 4 occurred. The district court gave no limiting instruction and, in this case, Iniguez's arrest did not thwart

his role in the conspiracy, as Iniguez remained an active coconspirator from jail.

### 3. *Sufficiency of evidence—Count 4*

The evidence was also sufficient to support Iniguez's conviction for Count 4—possession with intent to distribute methamphetamine on December 9, 1998. The government produced evidence sufficient to establish that the possession underlying Count 4 was a reasonably foreseeable offense committed in furtherance of a conspiracy of which Iniguez remained a part. *See Pinkerton*, 328 U.S. at 645–48, 66 S.Ct. 1180.

The judgment of the district court is AFFIRMED.

---

**3.** We review de novo a sufficiency of evidence challenge. *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir.2001). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Booth*, 309 F.3d 566, 574 n. 5 (9th Cir.2002) (internal quotation marks omitted).