368 F.3d 1113
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cruz INIGUEZ, aka Cruz Iniguez Garcia, Manuel Martinez, and Cruz Garcia Iniguez, Defendant-Appellant.
United States of America, Plaintiff-Appellant,
v.
Cruz Iniguez, aka Cruz Iniguez Garcia, Manuel Martinez, and Cruz Garcia Iniguez, Defendant-Appellee.
 No. 01-50553.
 No. 01-50629.
 United States Court of Appeals, Ninth Circuit.
 Submitted En Banc March 23, 2004.*
 Filed May 26, 2004.
 
 Gerald V. Scotti, Beverly Hills, CA, for the defendant-appellant-cross-appellee, Cruz Iniguez.
 Debra W. Yang, Jackie Chooljian, Linda M. Aouate, U.S. Attorney's Office, Santa Ana, CA, for the plaintiff-appellee-cross-appellant, the United States of America.
 Appeal from the United States District Court for the Central District of California, Gary L. Taylor, District Judge, Presiding. D.C. No. CR-98-00166-GLT-01.
 Before: SCHROEDER, Chief Judge, PREGERSON, RYMER, KLEINFELD, TASHIMA, THOMAS, GRABER, McKEOWN, FISHER, BERZON, and RAWLINSON, Circuit Judges.
 McKEOWN, Circuit Judge:
 
 
 1
 We took this case en banc to clarify the meaning of the term "total punishment" as used in § 5G1.2(d) of the sentencing guidelines ("U.S.S.G." or "Guidelines"). That section permits consecutive or stacked sentences under specified circumstances. We conclude that "total punishment" under § 5G1.2(d) is the sentence chosen by the district court "from the appropriate sentencing range," United States v. Joetzki, 952 F.2d 1090, 1097-98 (9th Cir.1991), and is not limited to the minimum sentence in the guideline range.
 
 BACKGROUND
 
 2
 After a jury convicted Cruz Iniguez of one count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and three counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), the district court sentenced him to a 30-year term of imprisonment. Iniguez appeals his conviction, and the government cross-appeals his sentence on the ground that the district court declined to impose consecutive sentences pursuant to § 5G1.2, based on an erroneous interpretation of the meaning of "total punishment." Although we took the entire case en banc, we address here only the sentencing issue raised by the government's cross-appeal. We remand Iniguez's appeal of his conviction to the three-judge panel, which has addressed those issues in a memorandum disposition filed concurrently with this en banc opinion. See United States v. Iniguez, Nos. 01-50553, 01-50629 (9th Cir. May 26, 2004) (unpublished disposition).
 
 
 3
 The Revised Presentence Report calculated Iniguez's base offense level at 36, pursuant to U.S.S.G. § 2D1.1(c)(2). It also suggested a four-level upward adjustment under U.S.S.G. § 3B1.1(a), because Iniguez was the leader of a criminal 6593 activity involving at least five members, and recommended no downward adjustment for acceptance of responsibility. The resulting adjusted offense level, combined with Iniguez's criminal history category, yielded a guideline sentencing range of 30 years to life.
 
 
 4
 Although the government opted not to seek mandatory life imprisonment, the government argued that, pursuant to § 5G1.2(d), the district court could impose consecutive sentences on the four counts to achieve the total punishment chosen by the district court, and that the total maximum statutory penalty in this case was 120 years imprisonment — 30 years per count. The government recommended that the district court impose consecutive sentences to achieve a 50-year sentence.
 
 
 5
 Citing United States v. Archdale, 229 F.3d 861, 870 (9th Cir.2000), Iniguez argued that the "total punishment" referenced in § 5G1.2(d) is the minimum guideline sentence, which in this case is 30 years, and thus that the court could not impose consecutive sentences, because the sentence would then exceed the minimum guideline sentence. The district court reluctantly agreed with Iniguez, stating:
 
 
 6
 I'm going to sentence in this case consistent with [defense counsel's] view of this case, not because I am totally convinced that that's right, but because that seems to be the situation that Archdale puts us in at the moment, as bizarre as it seems, I think.
 
 
 7
 ... I'm confident that my friends at the Ninth Circuit will straighten us all out as to what's the right answer....
 
 
 8
 The district judge sentenced Iniguez to a 30-year term of imprisonment, explaining that, but for his interpretation of Archdale, he would have sentenced Iniguez to 35 years.
 
 DISCUSSION
 
 9
 The issue is what "total punishment" means in the context of U.S.S.G. § 5G1.2(d), which provides:
 
 
 10
 If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.
 
 
 11
 In order to stack sentences pursuant to § 5G1.2(d), a sentencing court must reach some understanding regarding the meaning of "total punishment." This is because, by § 5G1.2(d)'s own terms, "total punishment" — whatever its definition — is the maximum sentence the sentencing court can impose. Defining "total punishment" is thus the crucial first step in determining a sentence under § 5G1.2(d). Although the Guidelines do not provide an easy, capsulized definition of "total punishment," read together and in context, a definition emerges.
 
 
 12
 Section 5G1.2(b) states that "total punishment" is "determined in accordance with Part D of Chapter Three, and Part C of this Chapter." Part D of Chapter Three, which deals with multiple counts, has a section entitled "Determining the Total Punishment" that reads: "Use the combined offense level to determine the appropriate sentence in accordance with the provisions of Chapter Five." U.S.S.G. § 3D1.5. Chapter Five, including Part C, describes how to calculate a guideline sentencing range. Together, these instructions point to the conclusion that "total punishment" is defined vis-# 2A# -vis the guideline sentencing range.
 
 
 13
 The commentary to § 5G1.2 further clarifies that "total punishment" is not limited to the minimum sentence in the guideline range. Notably, the commentary states that the "total punishment" is "determined by the court after determining the adjusted combined offense level and the Criminal History Category," indicating that the "total punishment" is a matter within the sentencing court's discretion. U.S.S.G. § 5G1.2, cmt. n. 1. Finally, in regard to § 5G1.2(e) (dealing with the sentencing of career offenders), the commentary provides the following example to illustrate its application in a multiple count situation:
 
 
 14
 [T]he court determines that a sentence of 300 months is appropriate (applicable guideline range of 262-327). The court then imposes a sentence of 60 months on the [first] count, subtracts that 60 months from the total punishment of 300 months and imposes the remainder of 240 months on the [second] count.
 
 
 15
 U.S.S.G § 5G1.2, cmt. n. 3(B)(i) (2002); see also id., at cmt. n. 3(B)(ii) & (iii). This example makes clear that the term "total punishment" refers to the sentence selected by the judge from the applicable guideline range (300) and may exceed the minimum guideline term (262).
 
 
 16
 In accordance with the Guidelines, in Joetzki, we defined "total punishment" as "the sentence chosen from the appropriate sentencing range."[1] 952 F.2d at 1097. In that case, we were reviewing a sentence greater than both the minimum sentence in the sentencing range and the highest maximum sentence for an individual count. Id. at 1097-98. A jury convicted the defendant on ten counts, each carrying a 60-month statutory maximum. The guideline sentencing range was 57 to 71 months, and the district court sentenced the defendant to 65 months. After discussing the sentencing guidelines in detail, we concluded that the district court could have imposed a sentence "exceeding the 60-month statutory limit" by "order[ing] the sentences to run consecutively, overlapping to total 65 months." Id. at 1098. Because the district court did not expressly order consecutive sentences, we remanded for resentencing. Thus, in Joetzki, we stated that § 5G1.2 authorizes a consecutive sentence higher than the minimum guideline range, but had no occasion to affirm a particular application of that principle.
 
 
 17
 In the interest of providing sentencing courts with clear guidance on this important issue, we reiterate our holding from Joetzki that "total punishment" under § 5G1.2(d) is the sentence the district court chooses from the appropriate sentencing range, whether that be the minimum sentence in the range, the maximum sentence in the range, or something in between.[2]
 
 
 18
 This definition accords with the definition of "total punishment" adopted by our sister circuits, including the First, Second, Third, Fourth, Fifth, Seventh, Eighth, and Tenth Circuits.[3] To conclude otherwise would arbitrarily limit a sentencing judge to the low end of the guideline sentencing range any time a court stacked sentences among counts pursuant to § 5G1.2(d), making the remainder of the range irrelevant in many cases. For example, in Iniguez's case, the statutory maximum was 30 years per count (120 years total). Under the Joetzki definition, a court could sentence Iniguez to a "total punishment" falling anywhere within the guideline sentencing range up to 120 years. Were we to adopt Iniguez's approach, it would be irrelevant that the sum of the statutory maximums is 120 years, not 30 years. In fact, it would not matter whether Iniguez was charged with one count with a statutory maximum of 30 years or ten counts, each with a statutory maximum of 30 years (for a total of 300 years). In all three cases, under Iniguez's theory, he could be sentenced only to the minimum sentence in the guideline sentencing range. Neither our cases nor the Guidelines supports this illogical result.
 
 
 19
 We thus join our sister circuits in defining "total punishment" under § 5G1.2(d) in a manner that does not arbitrarily curb the sentencing court's discretion to sentence a defendant anywhere within the appropriate guideline sentencing range.
 
 
 20
 VACATED and REMANDED for resentencing.
 
 
 
 Notes:
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)
 
 
 [1]
 See also United States v. Kentz, 251 F.3d 835, 841-42 (9th Cir.2001) (affirming district court's imposition of 160 month sentence, which necessarily required stacking, where the guideline range was 135 to 168 months and defendant was convicted on 21 counts, each bearing a five-year maximum sentence), cert. denied, 535 U.S. 933, 122 S.Ct. 1309, 152 L.Ed.2d 219 (2002); United States v. Moreno-Hernandez, 48 F.3d 1112, 1117-18 (9th Cir.1995) (citing Joetzki to approve of the district court's stacking to reach a 120-month sentence by imposing consecutive sentences to reach the upper end of 100- to 125-month guideline range, where each of 4 counts had a 60-month statutory maximum); United States v. Palomba, 31 F.3d 1456, 1466-67 (9th Cir.1994) (approving, under § 5G1.2(d), a sentence of 71 months, where each count had a statutory maximum of 60 months and the guideline range was 57 to 71 months, but vacating and remanding the sentence because it was imposed on a charge that the court vacated).
 
 
 [2]
 In light ofArchdale's comments on "total punishment," it is understandable that both Iniguez and the district court looked to Archdale for guidance. Archdale is not controlling, however, because the court there was not faced with a statutory maximum that fell above the minimum sentence in the guideline range. Archdale, 229 F.3d at 870. A jury convicted the Archdale defendant on two counts, one with a 24-month statutory maximum and the other with a 180-month statutory maximum (for a total of 204 months). The guideline sentencing range was 210 to 262; thus, the minimum sentence in the range was six months more than the total statutory maximum of 204. The district court sentenced the defendant to the statutory maximum of 204 months, ordering the maximum sentences on each count to run consecutively pursuant to § 5G1.2(d). In so doing, the district court correctly applied the principle expressed in § 5G1.1(c)(1), which provides that a "sentence may be imposed at any point within the applicable guideline range, provided that the sentence... is not greater than the statutorily authorized maximum sentence...." In context, then, the court's passing reference to "total punishment" as "the minimum sentence in the guideline range for the total offense level for all counts" does little to shed light on the stacking issue posed by § 5G1.2(d). Id. at 870-71. Archdale is thus limited to its facts and does not apply to cases such as Iniguez's where the statutory maximum is not less than the applicable guideline minimum.
 
 
 [3]
 See, e.g., United States v. Garcia-Torres, 341 F.3d 61, 74 (1st Cir.2003) (describing "total punishment" as a sentence the sentencing court "fixes ... somewhere within the applicable[sentencing range]"), cert. denied, 540 U.S. 1202, 124 S.Ct. 1467, 158 L.Ed.2d 121 (2004); United States v. Loeb, 45 F.3d 719, 723 (2d Cir.1995) (defining "total punishment" as what the district court "deems to be the appropriate sentence for the defendant's convictions" within the applicable guideline range and affirming sentence of 71 months under § 5G1.2(d) where guideline range was 57 to 71 months and statutory maximum on each of two counts was 60 months); United States v. Parmelee, 319 F.3d 583, 593 (3d Cir.2003) (describing "total punishment" as a sentence selected from within the guideline sentencing range); United States v. Chase, 296 F.3d 247, 251 (4th Cir.) (defining "total punishment" as "the point within the guideline range designated by the district court as the appropriate term of imprisonment"), cert. denied, 537 U.S. 1023, 123 S.Ct. 534, 154 L.Ed.2d 434 (2002); United States v. Kings, 981 F.2d 790, 797-98 (5th Cir.1993) (per curiam) (affirming sentence of 150 months under § 5G1.2(d) where guideline range was 120 to 150 months, and where one count carried a 120-month statutory maximum and another count carried a 36-month statutory maximum); United States v. Jemison, 237 F.3d 911, 918-19 (7th Cir.2001) (vacating and remanding sentence due to district court's failure to order consecutive sentences, but citing Joetzki in holding that, pursuant to § 5G1.2(d), the district court could have sentenced defendant "to 66 months (and a great deal more)"); United States v. Ervasti, 201 F.3d 1029, 1045-46 (8th Cir.2000) (holding that "total punishment" is "the precise sentence determined by the sentencing judge from within the appropriate guidelines range," and affirming a 63-month sentence, where a jury convicted defendant of five counts, each with a 60-month statutory maximum, where the guideline range was 51 to 63 months); United States v. Nelson, 54 F.3d 1540, 1547 (10th Cir.1995) (holding that a sentence of 71 months is proper under § 5G1.2(d), where guideline range was 57 to 71 months, and where each of eight counts of conviction carried 60-month statutory maximum).