**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Keith D. PRIEST, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Patricia Ann Ensign, a.k.a. Patricia**
**Moats a.k.a. Patricia Poseley,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Rachel McElhinney, Defendant–**
**Appellant.**

**Nos. 06–10438, 06–10447, 06–10448.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2007.

Filed July 5, 2007.

See also 491 F.3d 1109.

Mark S. Determan, U.S. Larry J. Wszalek, Esq., Mark T. Odulio, Alan Hechtkopf, U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

Philip Hantel, Phoenix, AZ, for Keith D. Priest.

Anders V. Rosenquist, Jr., Esq., Rosenquist & Associates, Phoenix, AZ, Oscar A. Stilley, Esq., Fort Smith, AR, for Patricia Ann Ensign.

Donald W. MacPherson, Esq., The MacPherson Group, PC, Glendale, AZ, for Rachel McElhinney.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Co-defendants Keith Priest, Patricia Ann Ensign and Rachel McElhinney appeal from their convictions for failing to file federal income tax returns. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision. We have considered all the arguments they raise on appeal and affirm their convictions and sentences.[1]

■ 1. Priest contends that the evidence presented would not allow a reasonable juror to find that he acted willfully when he failed to file income tax returns

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Ensign's arguments concerning the district court's refusal to allow Oscar Stilley to appear *pro hac vice* are addressed in our opinion that is filed concurrently with this memorandum disposition. To the extent that Priest and McElhinney claim that they are entitled to relief because of the district court's rulings concerning Oscar Stilley's participation in their cases *pro hac vice,* those claims are rejected for the reasons set forth in our opinion in Ensign's appeal.

and accordingly, his motion for judgment of acquittal should have been granted. In particular, Priest argues that pursuant to *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), the government was required to prove, and failed to prove, that he had the specific criminal intent to violate the law. We review the denial of a motion for judgment of acquittal de novo. *United States v. Zavala–Mendez*, 411 F.3d 1116, 1118 (9th Cir. 2005). "Thus, viewing the evidence in the light most favorable to the government, we must determine whether any rational trier of fact could have found, beyond a reasonable doubt, the requisite elements of the offense charged." *United States v. Pearson*, 391 F.3d 1072, 1075 (9th Cir.2004).

Our review of the record reveals that the trial court properly instructed the jury that good faith belief, even if mistaken, was a defense and properly found that the jury's verdict was adequately supported by the evidence. Evidence that Priest worked for a company whose purpose was to avoid taxes, was exposed to numerous documents concerning the obligation to pay taxes, used trusts to receive his pay from the company, and made numerous offshore deposits in amounts less than $10,000, fairly support the jury's verdict.

■ 2. Priest's and Ensign's objections to the district court's consideration, for sentencing purposes, of conduct for which they were acquitted for sentencing purposes fail for two reasons. First, the district court set forth adequate alternate grounds for the sentences. Second, the district court was not prohibited by the Constitution from considering the conduct in issue. *United States v. Watts*, 519 U.S.

148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam); *United States v. Mercado*, 474 F.3d 654, 657–58 (9th Cir.2007).

■ 3. Priest argues that the district court in sentencing him, failed to consider the factors set forth in 18 U.S.C. § 3553. In particular, he argues that the district judge failed to consider such factors as the nature of the offense, his history and characteristics, the need to promote respect for the law, deterrence, protection of the public, and his need for educational, vocational and medical care.[2]

We review Priest's sentence for reasonableness. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir.2006). Even when there is no challenge to the district court's calculation of the guidelines range, the Ninth Circuit nonetheless requires that courts "provide specific reasons for their sentencing decisions, such that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in § 3553(a)." *United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir.2006) (citing *Miqbel*, 444 F.3d at 1181–82). A judge, however, "need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006) (quoting *United States v. George*, 403 F.3d 470, 472–73 (7th Cir.2005)).

Our review of the sentencing hearings show that the district judge adequately considered Priest's exceptions to the Presentence Report and all the relevant § 3553 factors. The district court imposed an 18–month sentence even though the

---

**2.** Priest's brief states that shortly after he surrendered to serve his sentence, he suffered a ruptured brain aneurysm which required hospitalization and that as a result he is still confined to a wheel chair. The brief further indicates that because of his current medical condition, Priest has filed a motion in the district court. We agree with the brief's implicit position that Priest's medical condition is not before us on this appeal.

Government requested a 24–month sentence and even though Priest continued to claim he was innocent. Priest has failed to show that the district court overlooked any relevant § 3553 factor.

4. Ensign argues that the district court should not have levied a fine of $100,000 against her because she is unable to pay the fine and is not likely to become able to pay the fine. In *United States v. Robinson,* 20 F.3d 1030, 1033 (9th Cir.1994), we noted that we "generally review a district court's factual findings in the sentencing phase for clear error." Here, in light of the evidence before the trial court concerning Ensign's past earnings, we cannot say that the court clearly erred in assessing the fine.

5. McElhinney's argument that she was entitled to an acquittal because there is no law which sets forth a threshold requirement for the filing of a tax return is not persuasive. The obligation to file tax returns and pay income tax is set forth in 26 U.S.C. §§ 1 and 6012. Even assuming that the precise cost-of-living adjustment provided for in 26 U.S.C. § 1(f) may be difficult to compute, this does not automatically relieve a person from his or her obligation to file a tax return. To secure a conviction, the government was required to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that the defendant voluntarily and intentionally violated that duty. *See United States v. Williams,* 121 F.3d 615, 621 (11th Cir.1997) (quoting *Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)). The alleged imprecision in determining a statutorily provided exemption does not void, as a matter of law, the obligation to file a tax return and there was sufficient evidence from which the jury could determine that Ensign knew of her duty to file and voluntarily violated that duty.

6. We reject McElhinney's arguments that her prosecution and conviction are barred by the Paperwork Reduction Act, 44 U.S.C. § 3512 ("PRA"). First, we note that because she did not raise these arguments in the district court, she only would be entitled to relief if she demonstrated plain error. *United States v. Flores–Montano,* 424 F.3d 1044, 1047 (9th Cir.2005). Second, McElhinney has failed to provide this court with the factual record necessary to sustain a determination of plain error. She admits that the forms displayed Office of Management and Budget control numbers, but fails to support her claim that these were inadequate. Third, even if McElhinney's argument were factually supported, it would fail in light of our holding in *United States v. Hicks,* 947 F.2d 1356, 1359–60 (9th Cir. 1991), that "the public protection provision of the PRA, 44 U.S.C. § 3512, constitutes no defense to prosecution under 26 U.S.C. § 7203." The 1995 revision of the PRA does not limit the impact of *Hicks* because we there held that "[r]epeals by implication are not favored," *id.* at 1359, and McElhinney's argument is that the 1995 revision repealed *Hicks* by implication.

7. We have reviewed McElhinney's contention that the district court improperly limited her presentation of evidence concerning her reliance on Joe Bannister in believing that she was under no obligation to file a tax return. We conclude that the district court did not abuse its discretion in excluding evidence concerning Mr. Bannister's presidential candidate protection assignment and concerning the circumstances surrounding his separation from the Internal Revenue Service. *United States v. Crosby,* 75 F.3d 1343, 1346 (9th Cir.1996).

8. McElhinney, in addition to, or in relation with, her claims of violations of her right to due process under the Fifth Amendment and to counsel under the

Sixth Amendment because of the district court's limitation on the participation of attorney Oscar Stilley,[3] argues that she was denied due process and effective assistance of counsel because of her appointed counsel's performance. Although this court "can consider a claim of ineffective assistance of counsel on direct appeal if the record is sufficiently complete to allow us to decide the issue," it "usually declines to reach ineffectiveness challenges on direct appeal, because the claim cannot be advanced without development of facts outside the record." *United States v. Hanoum,* 33 F.3d 1128, 1131 (9th Cir.1994). In her direct appeal, McElhinny cites only her attorney's failure—in her opinion—to adequately advance her argument that she did not have to file a tax return because of uncertainty as to the cost-of-living adjustment. Because we have determined that this legal argument was not well taken, McElhinney has failed to show on the basis of the record in this direct appeal that she was denied effective assistance of counsel.

9. Finally, to the extent that any of the defendants seek to challenge their convictions and sentences because their initial arraignment was before a magistrate judge rather than district judge, the challenge is rejected.[4] There is no showing that the initial arraignments were contrary to 28 U.S.C. § 636(b)(3) and no showing of prejudice.

For the foregoing reasons, the convictions and sentences of Keith Priest, Patricia Ann Ensign and Rachel McElhinney are **AFFIRMED.**

---

3. As previously noted, these claims are rejected for the reasons set forth in our opinion in co-defendant Ensign's appeal, No. 06–10447.

4. This argument was set forth allegedly on behalf of the defendants in the brief filed by Oscar Stilley in his own appeal.