**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Dean LAFROMBOISE, Defendant—
Appellant.**

No. 06–30552.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed Oct. 23, 2007.

James E. Seykora, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Mark S. Werner, Esq., Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

 

Before: B. FLETCHER, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM *

LaFromboise's argument regarding grouping and consecutive sentences is based on a misreading of *United States v. Archdale*, 229 F.3d 861 (9th Cir.2000). The analysis there related to an issue not raised in this case. In *Archdale* the minimum guidelines exceeded the statutory maximum on one of the counts, so consecutivity was imposed to the extent necessary to produce a sentence equal to the bottom of the guideline level. We rejected LaFromboise's interpretation of § 5G1.2(d) of the Guidelines and of *Archdale* in our en banc opinion in *United States v. Iniguez*, 368 F.3d 1113 (9th Cir.2004). We held in that case that the "total punishment" definition in § 5G1.2(d) does not curb the sentencing court's discretion to sentence "anywhere within the appropriate Guideline sentencing range." *Iniguez*, 368 F.3d at 1117.

■ The district court did not clearly err in finding that LaFromboise committed his new offense less than two years after his September 5, 1992 release from Montana State Prison. The DEA case agent testified that LaFromboise was one of the distributors in the conspiracy in March, April and May of 1994. He also testified that LaFromboise used violence to enforce a debt owed to one of the women in the conspiracy in March or April of 1994, and in March or April of 1994 the

DEA took pictures of LaFromboise leaving the conspiracy meeting place with a gun. It is true that the testimony did not say exactly when LaFromboise enforced the debt, instead using vague formal language such as "it was determined" and "subsequently." But, on cross-examination, the DEA agent appeared to be responding to defense counsel's question by saying that March or April was "an approximation of the date when LaFromboise acted as an enforcer, not just the date when it was determined" that the person he hit owed money to a woman in the conspiracy. Together with the other evidence, there was enough for the district court to reach the conclusion that it did.

■ LaFromboise argues that the district court violated his right to notice as a basis for sentencing because the Bureau of Prisons information about LaFromboise's discipline record was not produced until the day of sentencing. We reject this argument for two reasons. First, the district court's explanation of the reasons for the sentence imposed on LaFromboise did not include any of the prison discipline information, and the district court never discussed it, so it does not appear to be the case that the district court relied on the information to enhance the sentence or choose a sentence. Second, even if it had, the defense argument and allocution that LaFromboise had been rehabilitated in prison opened the door to rebuttal.

■ LaFromboise argues that his sentence was vindictive under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), because the drug component was increased from 360 months to 420 months after remand. The argument relies on an erroneous predicate, that "the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Court of Appeal essentially cut appellant's sentence in half with its ruling on appellant's firearms convictions." That is not correct. The sentence of LaFromboise was not increased upon remand; it was decreased, from 720 months to 420 months. After the § 924 "use" of a firearm conviction was vacated, the possession of a firearm became an appropriate factor in computation of the Guideline range for the drug offenses. That raised the Guideline range for the drug offenses, and reasonably so under 18 U.S.C. § 3553(a), but reduced the total sentence.

AFFIRMED.