**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Dennis O. POSELEY; David Trepas, aka David Morningstar,**
**Defendants—Appellants.**

Nos. 06–10446, 06–10462.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Feb. 20, 2008.

---

Mark S. Determan, Esq., DOJ–U.S. Department of Justice, Criminal Enforcement Section, Alan Hechtkopf, Esq., Larry J. Wszalek, Esq., Mark T. Odulio, DOJ–U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Plaintiff–Appellee.

† Douglas C. Erickson, Esq., Maynard Cronin Erickson Curran & Sparks, PLC, Phoenix, AZ, for Defendants–Appellants.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM *

**1.** The second superseding indictment properly charged defendants Dennis O. Poseley and David Trepas with conspiracy to defraud the United States by obstructing the tax collection activities of the Internal Revenue · Service through the fraudulent use of phony trusts, a felony. See 18 U.S.C. § 371. Although § 371 contains a "misdemeanor clause," that clause requires the government to charge a substantive misdemeanor offense. See, e.g., United States v. Segal, 852 F.2d 1152, 1156–57 (9th Cir.1988). By contrast, a charge of conspiracy to defraud need not. United States v. Smith, 891 F.2d 703, 713 (9th Cir.1989). Under the "defraud clause," the government must prove only that (1) the defendants entered into an agreement (2) to obstruct a lawful function of the IRS (3) by deceitful or dishonest means, and (4) at least one overt act was committed in furtherance of the conspiracy. See United States v. Caldwell, 989 F.2d 1056, 1059 (9th Cir.1993). The indictment in this case contained fifty-nine overt acts, which sufficiently apprised Poseley and Trepas of their alleged role in the conspiracy, none of which fairly can be read to charge a single violation of willfully failing to file a tax return under 26 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 7203. Nor did the conspiracy count incorporate by reference as overt acts in furtherance thereof the separate substantive misdemeanor counts of failure to file. The second superseding indictment withstands facial challenge.

■ **2.** The law of the case doctrine bars Poseley's and Trepas' previously rejected claims by co-defendants whose cases have already been heard on appeal that (1) no law sets forth a threshold level of income triggering an obligation to file tax returns; (2) the district court improperly prevented them from raising the Paperwork Reduction Act as a defense to prosecution; and (3) the district court improperly limited video testimony by former IRS Special Agent Joseph Banister. *See United States v. Priest*, 243 Fed.Appx. 251, 254 (9th Cir.2007); *United States v. Schaff*, 948 F.2d 501, 506 (9th Cir.1991).

**3.** The district court properly instructed the jury on the conspiracy count alleged in the indictment. The district court preliminarily instructed the jury that it was to consider each charge against each defendant separately, and that a finding with respect to one count was not to serve as the basis for conviction on another count. The district court appropriately summarized the object of the conspiracy and provided a list of the fifty-nine overt acts, none of which mentioned the misdemeanor 26 U.S.C. § 7203 violations. Finally, that the jury found some defendants not guilty of the conspiracy count but guilty of willfully failing to file a tax return as alleged in other counts demonstrates that the jury understood and correctly applied the court's instructions. *United States v. Unruh*, 855 F.2d 1363, 1374 (9th Cir.1987) (reasoning that "[t]he best evidence of a jury's ability to compartmentalize the evidence is its failure to convict all defendants on all counts"). Poseley's and Trepas' arguments to the contrary are unavailing.

■ **4.** Poseley was neither convicted on the basis of false testimony nor prejudiced by the government's belated disclosure that four witnesses had been or were being audited. Poseley cites isolated quotations from the record. However, reading these statements in full context, it is apparent that witness Eric Melling did not seek an audit from the IRS to determine the trusts' validity; he was not asked whether he had been or was the subject of an IRS audit. Similarly, witness Patrick Porter's statement that "we never heard from the federal government" was not false. Taken in context, Porter testified that he and his wife did not hear from the IRS until their attorney arranged a meeting. The witnesses' testimony, therefore, was accurate, and there is no due process violation on this record. *See Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

Although the audits were belatedly disclosed, the district court provided an effective remedy. Poseley was permitted to recall and recross witnesses as to "the audit as relevant to any bias as a result of the audit." Yet, Poseley declined to recall witnesses Melling, and Cynthia and Patrick Porter despite the district court's express permission to do so. Ultimately, Poseley made little use of the evidence once disclosed, and the record does not support a "reasonable probability" that had Poseley been in possession of the withheld evidence earlier, he would have obtained a different result at trial. *See United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). There was no *Brady* violation.

■ **5.** The district court correctly applied the sentencing guidelines and properly sentenced Poseley to a total of 84

months of incarceration. The district court grouped Poseley's counts of conviction based on a conservative estimation of tax loss because the court determined the offense level "largely on the basis of the total amount of harm or loss." U.S.S.G. § 3D1.2(d). After adding adjustments for offense characteristics, which the court may do under an advisory guidelines regime, *see United States v. Booker*, 543 U.S. 220, 223, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the court arrived at an offense level of 32. After considering the factors under 18 U.S.C. § 3553(a), the court reduced the offense level to 27, which corresponds to a prison term of 84 months. Because no count of conviction provided for the total amount of recommended punishment, the district court appropriately imposed certain sentences consecutively to achieve that total. *See* U.S.S.G. § 5G1.2(d); *United States v. Iniguez*, 368 F.3d 1113, 1116–17 (9th Cir.2004) (en banc). In addition, the district court did not err in looking to the intended tax loss in fashioning a total sentence. *See* USSG § 2T1.1(c)(1). It appropriately imposed offense characteristic adjustments on the basis of judge-found facts and arrived at a reasonable sentence in light of the properly calculated offense level and consideration of the § 3553(a) factors. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). We believe the ultimate sentence was reasonable in light of Poseley's criminal conduct. *United States v. Mohamed*, 459 F.3d 979, 984 (9th Cir. 2006).

**AFFIRMED.**