**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30279 |
| Plaintiff - Appellee, | D.C. No.  2:01-cr-00108-RSM-1 |
| v. | |
| JOHN WAYNE ZIDAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 11, 2011[**]
Seattle, Washington

Before:     KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

A jury convicted Zidar and his co-defendant Steven Moreland for their roles in a $73 million Ponzi scheme; the counts of conviction were mail fraud, wire fraud, conspiracy to commit mail and wire fraud, promotional money laundering,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

international money laundering, and conspiracy to commit money laundering. This is the third appeal in these cases. In *United States v. Zidar*, 178 F. App'x 673 (9th Cir. 2006), we affirmed Zidar's convictions, affirmed the district court's application of the Sentencing Guidelines, but vacated Zidar's 360-month sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), which was decided after the district court imposed sentence. More recently, in *United States v. Moreland*, 622 F.3d 1147 (9th Cir. 2010), we reversed Moreland's promotional money laundering convictions in light of *United States v. Santos*, 553 U.S. 507 (2008), but we held that *Santos* did not affect the convictions for international money laundering or conspiracy to commit money laundering. *Moreland*, 622 F.3d at 1166-68.

This appeal follows Zidar's resentencing by a new district judge to a 360-month term of imprisonment, the same term he received under the pre-*Booker* framework. Like Moreland, Zidar now challenges his money laundering convictions under *Santos*. He also challenges the procedural and substantive reasonableness of the 360-month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. Following *Moreland*, we reverse the promotional money laundering convictions, but affirm the remaining convictions. We reject Zidar's procedural sentencing challenges, but remand for resentencing in light of the

reversed convictions. Because of our remand, we do not reach substantive reasonableness.

## I. Money Laundering Convictions

Zidar argues that *Santos* requires reversal of his remaining promotional money laundering convictions, Counts 29 and 31, because the instructions did not require the jury to find that the underlying financial transactions involved the "profits" of his fraud. The government agrees that *Santos* undermines these convictions, but argues that the law of the case under our prior decision affirming Zidar's convictions precludes us from reaching this issue.

The law of the case, however, does not apply because *Santos* is intervening controlling authority. *United States v. Van Alstyne*, 584 F.3d 803, 813 (9th Cir. 2009) ("*Santos* represents precisely the type of intervening change that the law of the case exception recognizes.") (deciding *Santos* issues despite prior panel decision that affirmed convictions and remanded for resentencing only). Because Zidar did not raise a timely challenge to the jury instructions for Counts 29 and 31, our review is for plain error. *Moreland*, 622 F.3d at 1166.

We agree with both parties that the jury instructions for Counts 29 and 31 were plainly erroneous. *See id.* at 1166-67. Moreland was acquitted of these counts at trial, so our prior opinion in his appeal does not directly address them.

3

But the jury instructions for Counts 29 and 31 were the same as the instructions for Counts 26 and 27, which *Moreland* found plainly erroneous under *Santos*. Although the underlying transactions are somewhat different – Counts 26 and 27 involved commission payments, whereas Count 29 involved payment of return and principal to an investor and Count 31 involved a marketing expenditure – all four transactions were "central to carrying out the scheme's objective of encouraging further investment." *Id*. at 1166. Accordingly, *Moreland* requires reversal of the convictions under Counts 29 and 31 and the dismissal of those counts. *Id*.[1]

Zidar also challenges his convictions for international money laundering (Counts 32-36) and conspiracy to commit money laundering (Count 38). As he concedes, however, *Moreland* forecloses these challenges. *Id*. at 1167-68; *see United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991) ("We have previously found the law of the case doctrine to be applicable when the appeal of one co-defendant is decided prior to the appeal of the other co-defendant, if both were convicted at the same trial."). In sum, we reverse the convictions under Counts 29 and 31, but affirm the other convictions.

II. **Sentencing Issues**

---

[1]     Counts 26 and 27 have already been dismissed against Zidar, as per the government's stipulation on remand.

Zidar raises four challenges to his 360-month sentence, which the district court imposed based on a Guidelines Range of 360 months to life.

**1.** Relying on Justice Scalia's concurrence in *Rita v. United States*, 551 U.S. 338, 373 (2007), Zidar argues that the sentence violated his Sixth Amendment right to trial by jury because the sentence "would have been unreasonable in the absence of [] judge-found facts," which in his case triggered Guidelines enhancements that increased the applicable advisory range from 51 - 63 months to 360 months to life. Our recent decision in *United States v. Treadwell* forecloses this argument. 593 F.3d 990, 1017-18 (9th Cir. 2010) (rejecting the *Rita* concurrence as "too creative for the law as it stands" and holding that a district court's findings of fact during sentencing do not violate the Sixth Amendment so long as the court imposes a sentence below the statutory maximum) (quotations omitted).

**2.** Zidar argues that the district court should have found the amount of loss caused by his crimes – which ultimately triggered a 10-level increase in the total offense level – by clear and convincing evidence, rather than by a mere preponderance, because the finding had a disproportionate impact on the sentence. *Treadwell* forecloses this argument as well. *Id.* at 1001-02 (holding that "preponderance of the evidence" was the appropriate standard of proof for a fraud

5

loss determination that resulted in a 22-level enhancement of ponzi scheme defendants' total offense levels) ("We have repeatedly held that sentencing determinations relating to the extent of a criminal conspiracy need not be established by clear and convincing evidence.").

3.      Zidar next  argues that the district court calculated fraud loss incorrectly under U.S.S.G. § 2F1.1(b)(1) (1998),[2] because the court failed to deduct "the amount of funds returned to investors up to the amount invested" from the total loss.  *Van Alstyne*, 584 F.3d at 818.  But Zidar also acknowledges that this error did not affect the Guidelines calculation.  Had the district court made the proper deduction under *Van Alstyne*, it would have calculated a fraud loss of $68 million instead of $73 million.  Both figures support a 17-level enhancement. U.S.S.G. § 2F1.1(b)(1)(k) (17-level enhancement for loss between $40 million and $80 million).  We therefore agree that the miscalculation was harmless.  *See United States v. Matsumaru*, 244 F.3d 1092, 1106-07 (9th Cir. 2001).

4.      Finally, Zidar challenges the substantive reasonableness of his 360-month sentence.  Primarily, he argues that the sentence is unreasonable because fraudsters in other jurisdictions received shorter sentences despite causing greater

---

[2]      The parties do not dispute the propriety of the district court's application of the 1998 Guidelines.

6

losses. *Treadwell* probably foils this argument also. 593 F.3d at 1011-12 ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' between Treadwell and other offenders convicted of similar frauds . . . . The mere fact that Treadwell can point to a defendant convicted at a different time of a different fraud and sentenced to a term of imprisonment shorter than Treadwell's does not create an 'unwarranted' sentencing disparity."). But our reversal of Counts 29 and 31 requires us to remand for resentencing in any event. *See Moreland*, 622 F.3d at 1173 (remanding for resentencing after vacating convictions for promotional money laundering); *United States v. Bennett*, 363 F.3d 947, 956 (9th Cir. 2004) ("Because we are affirming one of Bennett's counts of conviction and reversing the other, Bennett's

sentence has become 'unbundled,' and he must be resentenced.").[3] We therefore decline to reach the substantive reasonableness of Zidar's sentence. *See United States v. Crandall*, 525 F.3d 907, 915 n.9 (9th Cir. 2008) (declining to decide substantive reasonableness after vacating sentence on other grounds).

We **REVERSE** Zidar's convictions under Counts 29 and 31 with directions to dismiss those counts, **VACATE** the sentence, and **REMAND** for resentencing. We **AFFIRM** the district court in all other respects.

---

[3] The government argues incorrectly that plain error review governs our decision as to whether to remand for resentencing. Plain error governed our review of Zidar's *convictions*. *See Moreland*, 622 F.3d at 1166. Having reversed two of those convictions, we must decide whether that reversal requires resentencing. Following *Moreland*, we conclude that it does. 622 F.3d at 1173. However, the district court should decide in the first instance whether the reversal should alter the overall sentencing package. *See United States v. Hernandez-Orellana*, 539 F.3d 994, 1011 (9th Cir. 2008) (remanding for resentencing after dismissing two of eleven counts) ("Because we cannot conclude on this record that the district court would impose the same sentence on remand (though it is not restricted from doing so), we . . . vacate the sentences imposed [] and remand for re-sentencing."). We do not find persuasive the government's argument that the structure of the sentencing judgment – which imposed the sentences on Counts 29 and 31 to run concurrent to sentences on other counts – establishes that a remand would not result in a different sentence. The district court plainly fashioned the structure of the judgment to fit its conclusion as to the appropriate total term of imprisonment, not the other way around. *See Zidar*, 178 F. App'x at 679 ("The district court imposed consecutive sentences to achieve the thirty-year sentence that the district court selected from the recommended Guidelines range.").