**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert Dean CAIN, Jr., Defendant–**
**Appellant.**

No. 94–50518.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1996.

Submission Withdrawn July 10, 1996.

Resubmitted Sept. 24, 1997.

Decided Nov. 19, 1997.

Henry F. Reynolds, Santa Monica, California, for defendant-appellant.

Jonathan S. Shapiro, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.

WALLACE, Circuit Judge.

Cain appeals from his conviction for possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

I

On December 2, 1992, Cain met Connie Brown, Angelo Morris, and Douglas and James Burnside at the Ontario Airport in Ontario, California, and drove them to a Rialto, California, residence. Soon thereafter, Cain and Douglas Burnside drove to a nearby Price Club store and parked next to a 1983 Mercury. Carlos Valdez–Verdugo and Francisco Contreras–Lopez emerged from the Mercury, walked to Cain's vehicle, and exchanged packages with its occupants. Later that day, police officers stopped Brown, Morris, and the Burnsides, and arrested them upon discovery on Brown of a package of cocaine weighing approximately three kilograms. Valdez–Verdugo and Contreras–Lopez were arrested the next day, in possession of over $65,000 in cash. A federal grand jury indicted Cain on one count charging him with possession with the intent to distribute approximately three kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). A jury subsequently found Cain guilty as charged in the indictment.

■ The statute under which Cain was convicted states that "it shall be unlawful for any person knowingly or intentionally [ ] to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). We have interpreted this statutory offense as having three elements: "[t]he government must prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the cocaine, (3) with an intent to distribute it." *United States v. Ocampo*, 937 F.2d 485, 488 (9th Cir.1991). Often, as here, the three are combined into two elements: knowing possession and with intent to distribute.

■ Cain argues that the jointly proposed jury instructions misdefined the element, "possession." In general, a person is in "possession" of something "if the person knows of its presence *and* has physical control of it, or has the power and intention to control it." Manual of Model Criminal Jury Instructions for the Ninth Circuit, § 3.16 (1992 ed.) (emphasis added); *see generally United States v. Chambers*, 918 F.2d 1455, 1459 (9th Cir.1990) (discussing actual and constructive possession).

In contrast, the jointly proposed jury instructions stated that "[a] person has possession of something if that person knows of its presence, has physical control over it, or has the power and intention to control it." Cain contends that the omitted "and" combined with the disjunctive phrasing permitted the

jury to convict him without finding every necessary element. Because he may have been deprived of the right to a jury adjudication of all facts essential to a finding of guilt, he charges error and requests that his conviction be reversed.

## II

The attorneys representing both the government and Cain signed the document submitting the instructions. The principal issue before us is how we classify the alleged error. The government argues any error was waived and thus unreviewable. *See United States v. Perez,* 116 F.3d 840, 844 (9th Cir.1997) (en banc) (*Perez*). In addition, the government argues that even if not waived, any forfeited error should be reviewed under our plain error analysis. *See id.* Cain contends that plain error analysis is appropriate.

In *Perez,* we held that a defendant did not waive his objection to a jury instruction when he submitted an instruction which followed the Manual of Model Criminal Jury Instructions for the Ninth Circuit, but which did not reflect the requirement of a recent case, of which both parties' counsel and the court were unaware. *Id.* at 845–46. We applied plain error analysis because there was "no evidence that [the defendants] affirmatively acted to relinquish a known right." *Id.* at 845.

█ Here, it can be argued that Cain was not personally aware of the defect, and that would not be surprising as there is no indication he has been trained in the law. However, "[w]e have long held that jury instructions may be waived by a defendant's attorney." *Id.* at 845 n. 7, *citing United States v. Staufer,* 38 F.3d 1103, 1109 n. 4 (9th Cir.1994).

Cain's attorney's signature clearly appears on the joint request for proposed instructions. In the joint request, both he and opposing counsel wrote that they "respectfully request that the court include the attached instructions in its charge to the jury. The instructions are submitted in the sequence in which the government and defendant propose that they be read to the jury." There is no dispute that both counsel signed and filed the proposed instructions request. Both parties are, therefore, responsible for them and must bear the legal consequences.

We cannot accept the proposition that the defense lawyer's signature on the jointly proposed instructions was a meaningless or perfunctory formality. Rather, Cain's attorney, through his signature and joint filing, represented to the court that he had read the instructions, that he had studied them, and that, to the best of his knowledge, they represented the current state of the law. When an attorney signs a jury instruction proposal, he certifies to the court, as an officer of that court, that the instructions are legally correct. In other contexts, we have recognized that an attorney's signature carries great legal consequences. *See, e.g., In re Rainbow Magazine, Inc.,* 77 F.3d 278, 282–83 (9th Cir.1996) (attorney's signature renders attorney and client sanctionable for filing bad-faith papers in bankruptcy court); *Giebelhaus v. Spindrift Yachts,* 938 F.2d 962, 964–66 & n. 2 (9th Cir.1991) (applying Rule 11 sanctions only to lawyers who actually sign pleadings and requiring actual signature, not mere typewritten name). We therefore apply the waiver analysis of *Perez* to action and inaction of Cain's attorney.

In *Staufer,* we deemed an objection waived when (1) Staufer "proposed the instruction to which he ... object[ed]," (2) the Supreme Court case which formed the basis of defendant's challenge "was already on the books," and (3) Staufer "specifically modified" his proposed instruction to conform to the Supreme Court case which he later alleged the instruction violated. 38 F.3d at 1109 & n. 4.

Like Staufer's counsel, Cain's counsel "proposed the instruction to which he now objects" and the basis for his challenge, the Ninth Circuit model instruction and our case law supporting it, "was already on the books." *See* Ninth Circuit Model Criminal Jury Instruction § 3.16; *United States v. Smith,* 962 F.2d 923, 929 (9th Cir.1992); *United States v. Penagos,* 823 F.2d 346, 350 (9th Cir.1987). Like Staufer's modified instruction, Cain's proposed jury instruction itself rebuts any claim of ignorance—Cain's instruction cited to the model instruction he now contends he ignorantly disregarded. It

is no answer "merely [to assert] he did not know the instructions were flawed." *Perez*, 116 F.3d at 845.

*Staufer*, which explicitly survives *Perez*, controls here. There is "evidence in the record that the defendant was aware of, *i.e.*, knew of, the relinquished or abandoned right." *Perez*, 116 F.3d at 845. Like Staufer, Cain waived his objection to the jury instruction on possession.

### III

■ Cain next argues that the district court's instructions incorrectly and contradictorily defined two different types of knowledge. First, the court explained that the intent to distribute offense does not require that Cain actually knew he was distributing cocaine, but only that he knew he was distributing an illegal substance. Second, the court also gave the typical ignorance-of-the-law instruction: "The government is not required to prove that the defendant knew that his acts were unlawful."

Cain contends that these instructions, taken together, would allow a jury to convict under an incorrect description of the crime: the jury could have concluded that the second instruction negated the first. Under such a misapprehension, the jury would reason that because it did not need to find that Cain knew the act of unlawful possession was unlawful, it did not need to find that Cain knew that the substance in his possession was unlawful. Thus, the jury could have convicted Cain without taking into account his mental attitude toward the prohibited substance.

Even if we review the "conflicting" instructions for plain error, we would affirm because there was no error. The first instruction refers to things—controlled substances; the second instruction refers to acts. Cain did not have to know that possession of a controlled substance was illegal. He only had to know that the substances he possessed were controlled substances. Therefore, when the court instructed that the government did not have to prove Cain knew his acts were illegal, the court did not say that Cain needed no knowledge of whether he possessed con-trolled substances. Because the court's instructions were without error, there obviously was no plain error.

### IV

■ According to Federal Rule of Criminal Procedure 32(c), the trial court must make a finding on each objection to the presentencing report. A written record of these findings "must be appended to any copy of the presentence report made available to the Bureau of Prisons." Fed. R.Crim.P. 32(c)(1) (formerly Fed.R.Crim.P. 32(c)(3)(D)). Cain asserts that the district court did not adhere to the rule and that his sentence was unlawfully imposed and should be vacated.

Beyond the argument that the district court did not follow Rule 32(c), Cain provides no proof. Absent a more sufficient factual record, we will not remand to the district court simply to investigate whether this ministerial task was performed and, if not, to do so.

AFFIRMED.

BROWNING, Circuit Judge, concurring.

The reasoning upon which the majority relies was not fully briefed or argued by the parties, and I have substantial doubts about its soundness. I concur in the result only on the ground that, as all members of the panel agreed, the plain error in the instruction did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993).