**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rigoberto ALVARADO–GUIZAR, true name Rigoberto Guizar–Alvarado, Defendant—Appellant.**

**No. 02–30189.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 2004.

Decided March 22, 2004.

---

Jane M. Kirk, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Edwin F. Alden, Esq., Kennewick, WA, for Defendant–Appellant.

Before: HUG, GRABER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Defendant Rigoberto Alvarado–Guizar appeals his conviction for conspiracy and possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841 and 846. We affirm.[1]

1. The district court did not err in admitting statements of co-conspirator Fernandez, who did not testify at trial. Under Federal Rule of Evidence 801(d)(2)(E), a statement is not hearsay if it is the statement of a co-conspirator made during the course of, and in furtherance of, the conspiracy.

■ There was sufficient evidence to support the district court's finding of a conspiracy. For example, Defendant rented the vehicle that transported methamphetamine from California to Washington; Defendant was present at Cordova–Ayala's house when those drugs were moved to a different car; Defendant and his car followed the drugs from Cordova–Ayala's house to a parking lot where an informant had instructed Cordova–Ayala to meet him; and there was a discussion as to how four people (including Defendant) would share the money if the drug deal was successful. There also was evidence that Fernandez was one of the conspirators and that Fernandez' statements were made during and in furtherance of the conspiracy. Some of his statements were made to allay Cordova–Ayala's concerns about engaging in a drug transaction with people he did not know. *See United States v. Yarbrough*, 852 F.2d 1522, 1535–36 (9th Cir. 1988) (holding that a statement made to reassure a co-conspirator is admissible). Fernandez' statement about future distribution of proceeds from the drug transaction kept co-conspirators abreast of the conspiracy's activities. *See id.* at 1536 (holding that a statement designed to keep a co-conspirator abreast of an ongoing conspiracy's activity is admissible).

2. Sufficient evidence supported Defendant's convictions, and the district court properly denied Defendant's motion for acquittal. The government offered direct evidence of Defendant's participation in the conspiracy, through the testimony of Cordova–Ayala. Defendant argues mainly that Cordova–Ayala was too stupid, eva-

---

1. The government cross-appeals with respect to the sentence. We decide the cross-appeal in a published opinion, filed this date.

sive, or contradictory to be believed, but those are arguments that the jury permissibly resolved against Defendant. The jury was not required to believe Defendant's assertion that he was merely an innocent bystander.

█ 3. The district court did not commit plain error by giving the jury a general "knowledge" instruction. That instruction does not negate the intent requirement of 21 U.S.C. § 841, because the defendant does not have to know that possession of a controlled substance is illegal. *United States v. Cain*, 130 F.3d 381, 384 (9th Cir.1997). Similarly, a conspiracy conviction does not require proof that the defendant knows that the objective of the conspiracy (here, distribution of a controlled substance) is illegal. *Ingram v. United States*, 360 U.S. 672, 678, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.