UNITED STATES of America,
Plaintiff—Appellee,

v.

Jason KIZZEE, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Errol Brown, aka Fatta, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Reginald Dwight Butler, Defendant—
Appellant.

Nos. 02–50634, 03–50030, 03–50478.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Dec. 21, 2005.

Gonzalo P. Curiel, Esq., Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Verna J. Wefald, Esq., Attorney at Law, Pasadena, CA, Jay L. Lichtman, Esq., Los Angeles, CA, Michael J. Brennan, Esq., Manhattan Beach, CA, for Defendants–Appellants.

■■■■■■■■■■

Before: BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Defendants–Appellants Jason Kizzee, Errol Brown, and Reginald Butler appeal from their jury conviction under 21 U.S.C. §§ 841(a)(1) and 846 for conspiracy to distribute marijuana. We affirm the jury verdict and the district court's determinations on each of Defendants' claims.

Butler and Kizzee argue that there was insufficient evidence to support their conviction for conspiracy to distribute marijuana. Reviewing their claims de novo and taking the evidence in the light most favorable to the prosecution, we find that any reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Odom,* 329 F.3d 1032, 1034 (9th Cir.2003); *United States v. Penagos,* 823 F.2d 346, 347 (9th Cir.1987).[1] The jury was "free to disbelieve" the theories of the case and testimony presented by both Defendants "and infer the opposite...." *United States v. Barajas,* 360 F.3d 1037, 1041 (9th Cir. 2004).

All three Defendants challenge the district court's decision to dismiss a potential juror for cause, arguing that the dismissal resulted in a biased jury. We review the district court's voir dire procedures for abuse of discretion and its findings regarding jury impartiality for manifest error. *United States v. Padilla–Mendoza,* 157 F.3d 730, 733 (9th Cir.1998). Defendants challenge only the court's finding that the potential juror was partial. The critical issue is "whether that juror holds a particular belief or opinion that will prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Id.* We hold that the district court's finding of partiality was not manifestly erroneous.

In their third claim, Defendants argue that the district court erred in admitting a drug ledger into evidence. The district court's decision to admit co-conspirator statements is reviewed for abuse of discretion; its factual findings that the statements were made in furtherance of that conspiracy are reviewed for clear error. *United States v. Bowman,* 215 F.3d 951, 960 (9th Cir.2000). The district court did not err in its determination of the authorship of the ledger nor in its finding that there was sufficient evidence that Defendant Brown is the "Fatta" described in the ledger. *United States v. Gil,* 58 F.3d 1414, 1420 (9th Cir.1995); *United States v. Schmit,* 881 F.2d 608, 613–14 (9th Cir. 1989).

■■■ The district court did not, as Defendants claim, abuse its discretion in denying their motions for new trials. As to the claim of extrinsic evidence in jury deliberations, jurors may draw from their own experiences, *United States v. Navarro–Garcia,* 926 F.2d 818, 821 (9th Cir. 1991), and, even if the foreman's comment about his wife's testimonial experience constitutes extrinsic evidence, it certainly does not rise to the level required by *Dickson v.*

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. "[T]o establish a drug conspiracy, the government must prove: (1) an agreement to accomplish an illegal objective; and (2) the intent to commit the underlying offense." *United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024 (9th Cir.), *amended on other grounds by* 127 F.3d 1200 (9th Cir.1997), *cert. denied,* 523 U.S. 1012, 118 S.Ct. 1209, 140 L.Ed.2d 330 (1998).

*Sullivan,* 849 F.2d 403, 406 (9th Cir.1988), for a new trial. As to the question of whether the jury was biased against Defendants, the district court undertook an inquiry into this issue and looked sufficiently into the question to assure Defendants' rights to an impartial jury. *Fields v. Woodford,* 309 F.3d 1095 (9th Cir.2002). As to their claim that new evidence requires new trials, Defendants offer nothing that would indicate that the district court abused its discretion in finding that the evidence would probably not lead to an acquittal if a new trial were granted. *United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995).

█ Additional jury instructions to clarify or remedy confusion are within the discretion of the district court. *United States v. McIver,* 186 F.3d 1119, 1130 (9th Cir.1999). We find that the additional jury instruction as to the knowledge element of the charged conspiracy was within the court's discretion and did not create a contradiction with the originally given jury instructions. *United States v. Delgado,* 357 F.3d 1061 (9th Cir.2004); *United States v. Cain,* 130 F.3d 381 (9th Cir.1997). The court's decision to read back testimony is reviewed for abuse of discretion, and we find none since the portion of the testimony read back did not constitute a representation of the government's entire case and since it was done under the supervision of the court after giving both sides an opportunity to object. *United States v. Felix–Rodriguez,* 22 F.3d 964, 966 (9th Cir.1994).

Finally, Defendants challenge their mandatory minimum sentences and the district court's denial of the benefits of the safety-valve provision. They also seek a limited remand under *Booker* and *Ameline.* The district court determined that the jury's verdict was supported by sufficient evidence, and it was bound to sentence De-

fendants under 21 U.S.C. § 841, not the United States Sentencing Guidelines, as Defendants argue. As a result, the imposition of the mandatory minimum sentences was correct. As to the safety-valve provision, the district court was well within the bounds of clear error to find that neither Defendant Kizzee nor Brown had satisfied their burden of showing that they had provided truthful and complete information about the offense. U.S.S.G. §§ 2D1.1(b)(g), 5C1.2(a)(1)-(6); *United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996). Finally, this court's recent decision in *Dare* indicates that a remand under *Booker* and *Ameline* is inappropriate. *United States v. Dare,* 425 F.3d 634 (9th Cir.2005). Furthermore, Butler, who might have been best suited to such a remand, does not seek one. Therefore, we affirm the convictions and sentences of Defendants.

**AFFIRMED.**