**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Chad Christian HARWOOD,**
**Defendant—Appellant.**

Nos. 03–10046, 03–10364.

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 2, 2003.

deferred Dec. 8, 2003.

Submitted: July 3, 2006.

Decided: July 18, 2006.

662

Before: SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM *

Chad Harwood brings this consolidated appeal from his criminal conviction following a jury trial and from the district court's denial of his motion for a new trial. Harwood was originally tried in July of 2002 on three counts of unlawfully possessing a machine gun in violation of 18 U.S.C.

§§ 922(*o*) and 924(a)(2) and three counts of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). That trial resulted in a hung jury and a mistrial. Harwood was promptly re-tried and then convicted on October 25, 2002. On April 29, 2003 he moved the district court for a new trial. That motion was denied on June 20, 2003. Harwood timely appealed from both the judgment of conviction and the denial of his new trial motion.

As a threshold matter, Harwood argues that his conviction is constitutionally invalid because Congress does not have the power to regulate mere possession of homemade machine guns. He relies on our court's decision in *United States v. Stewart*, 348 F.3d 1132 (9th Cir.2003), vacated — U.S. ——, 125 S.Ct. 2899, 162 L.Ed.2d 291 (2005). We deferred submission pending *Stewart*'s resolution in our court. Harwood's argument is now foreclosed by our recent decision in that case. *See United States v. Stewart*, 451 F.3d 1071, 2006 WL 1791153, at *6 (9th Cir. June 30, 2006).

Harwood challenges the district court's jury instructions on the ground that they did not adequately encompass his theory of the case. The district court's instructions emphasized that for a defendant to be found guilty under § 922(*o*) he must knowingly possess the machine gun and also know that the gun was a machine gun. Further highlighting the importance of possession by the defendant, the district court also gave a separate instruction on its definition. The district court instructed the jury verbatim from Ninth Circuit Model Instruction 3.18. We have approved similar language. *See United States v. Cain*, 130 F.3d 381, 382–83 (9th Cir.1997). The district court adequately instructed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the jury to consider and decide Harwood's theory of the case. There was no error.

 Harwood also argues that the district court erred in declining to give a "missing witness" instruction. Such an instruction is proper only where the witness is physically unavailable because of the actions of the adverse party. *See, e.g., United States v. Brutzman,* 731 F.2d 1449, 1453–54 (9th Cir.1984), *overruled on other grounds* by *United States v. Charmley,* 764 F.2d 675, 677 n. 1 (9th Cir.1985). Here, neither side subpoenaed Rick Main in the second trial; he was not shown to have been physically unavailable in that trial. Here, as in *Brutzman,* the unavailability resulted from an invocation of the privilege against self-incrimination. Therefore, the witness was unavailable to both parties, and the court's refusal to give an absent witness instruction was proper. *Brutzman,* 731 F.2d at 1454; *see also United States v. Noah,* 475 F.2d 688, 691 (9th Cir.1973).

 Harwood claims that the prosecution improperly stated facts not in evidence in its closing argument and that this misconduct requires that we reverse his conviction. Not every excess of a prosecutor warrants this extreme remedy. *United States v. Yarbrough,* 852 F.2d 1522, 1539 (9th Cir.1988). Misconduct on the part of the prosecutor requires a new trial only when it is so egregious that it deprives the defendant of a fair trial. *Id.* The statements complained of by Harwood arguably present fair inferences the jury could draw from the evidence and certainly do not rise to the level of misconduct that would dictate reversal of his conviction.

 Next, Harwood argues that the trial court erred in refusing to force the government to elect only one count of ille-

gal possession. This claim is without merit. *See United States v. Vargas–Castillo,* 329 F.3d 715, 718–22 (9th Cir.2003).

His remaining claims of cumulative error are without merit in the absence of any other meaningful trial court error.

 In his appeal from the district court's denial of his new trial motion, Harwood claims that the government improperly suppressed potentially exculpatory evidence relating to Rick Main in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Main's invocation of the Fifth Amendment does not tend to exculpate, as illustrated by the jury instruction that more than one person can possess the machine guns in question. *See United States v. Antonakeas,* 255 F.3d 714, 725–26 (9th Cir.2001).

There was no new evidence warranting a new trial.

AFFIRMED.