MEMORANDUM ***
Mokey Mose appeals his conviction and sentence for conspiracy to possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 846 & 841(b)(1)(A), conspiracy to interfere with commerce by robbery, 18 U.S.C. § 1951, carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking offense or a crime of violence, 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
I
Because Mose did not renew his Federal Rule of Criminal Procedure 29(a) motion for directed acquittal at the close of his case, we review his sufficiency of the evi *202 dence challenges “only to prevent a manifest miscarriage of justice, or for plain error.” United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1200-01 (9th Cir.2000).
There was ample evidence from which the jury could conclude beyond a reasonable doubt that Mose was a member of both the robbery and drug distribution conspiracies. In his post-arrest statement, Mose described the plan hatched by him and his co-conspirators, consistently including himself in the group by using words like “we” and “us.” Mose also attended three planning meetings and, while he did not speak, he did listen intently and never left when the undercover agent gave the conspirators a chance to back out of the robbery plan. Finally, the jury was aware of three instances in which Mose’s co-conspirators referred to the group in such a way that impliedly included Mose as a member. Accordingly, there was at the least a “slight connection” to defeat Mose’s “mere presence” argument. See United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir.2001). There is no manifest miscarriage of justice in the jury’s conclusion that Mose was a member of both conspiracies.
There was also sufficient evidence to support the jury’s conclusion that the conspirators planned to distribute the cocaine they expected to steal. On numerous occasions, the group discussed repackaging the cocaine into smaller parcels to make it saleable. This was consistent with testimony heard by the jury from a narcotics expert that the amount to be stolen was far too large for personal use — such a quantity would “last forever.” Accordingly, the jury could reasonably conclude the conspirators intended to distribute the stolen cocaine.
Mose’s conviction for carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking offense or a crime of violence was supported by sufficient evidence as well. The government offered both personal liability and Pinkerton[1] theories to the jury to support this count. The requirements for co-conspirator liability under Pinkerton were plainly met. As discussed above, Mose was a member of the conspiracies. One of his co-conspirators, Okamoto, was carrying a .9 millimeter handgun when arrested. The firearm was carried in relation to or in furtherance of a drug trafficking crime or a crime of violence — the conspirators specifically discussed carrying weapons to use in the stash house robbery because they were under the impression the stash house would have two armed guards out front. Finally, it was reasonably foreseeable to Mose that one of his co-conspirators would carry a firearm. He was at a meeting where they discussed obtaining more weapons and, in his post-arrest statement, acknowledged he knew guns would be used both for protection and to scare the guards. See United States v. Allen, 425 F.3d 1231, 1234 (9th Cir.2005) (affirming a § 924(c)(1)(A) conviction on a Pinkerton theory). Accordingly, there was no manifest miscarriage of justice in Mose’s conviction for violation of § 924(c)(1)(A).
Finally, there was sufficient evidence to support Mose’s conviction for being a felon in possession of a firearm. “[A] person is in ‘possession’ of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.” United States v. Cain, 130 F.3d 381, 382 (9th Cir.1997) (internal quotation marks and emphasis omitted). By admitting to handling a *203 sawed-off shotgun on the morning of the planned robbery, Mose meets this definition of possession.
II
The district court did not err in concluding that Mose failed to carry his burden of proving sentencing entrapment. To be entitled to a lesser sentence due to sentencing entrapment, Mose was required to show that although “predisposed to commit a lesser crime,” he was “entrapped into committing a more significant crime that is subject to more severe punishment” due to “the government engaging] in outrageous official conduct.” United States v. Si, 343 F.3d 1116, 1128 (9th Cir.2003); see also United States v. Naranjo, 52 F.3d 245, 250-51 (9th Cir.1995). Nothing in the record suggests the government’s conduct was outrageous. On numerous occasions, the undercover agent gave all members of the conspiracy, including Mose, an opportunity to opt out. He never took advantage of that opportunity. There is also nothing in the record to suggest Mose was predisposed to commit only a lesser crime. He never objected to the amount of cocaine he and his co-conspirators intended to steal. Nor did he show that the government manipulated the drug quantity; the evidence was that his co-conspirators insisted on a stash that would make it worth their while. Cf. Naranjo, 52 F.3d at 250-51.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Pinkerton v. United. States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).