**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30019 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00333-RSM |
| v. | |
| LEROY CARR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted July 14, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, Senior District
Judge.[**]

   Leroy Carr appeals his conviction under 21 U.S.C. § 841(a)-(b) ("Possession

of Cocaine with Intent to Distribute"). We affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable William Hart, Senior United States District Judge for
the Northern District of Illinois, sitting by designation.

1. There was sufficient evidence to sustain Carr's conviction. To secure a conviction under 21 U.S.C. § 841, "the government must 'prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the cocaine, (3) with an intent to distribute it." *United States v. Cain*, 130 F.3d 381, 382 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted). The jury had before it: (1) Carr's own admission that he told Agents Kevin Martin and Dave Than that he had both possessed the cocaine and intended to distribute it across the border; (2) evidence of Carr's history of smuggling activity; and (3) the physical evidence of the cocaine being found in the Boy Scout camp.

2. The district court did not err in declining to suppress Carr's statements to Agents Martin and Than. The agents did not condition any police protection on a confession or any other statement from Carr. Rather, they only encouraged Carr to be truthful and informed him that they might be able to help. *See United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988).

3. The district court did not err in declining Carr's request to instruct the jury that "the intent required must be at the same time as the possession." Reviewing the jury instructions as a whole, Jury Instruction No. 13, which was already in front of the jury, covered this requirement. *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999)

4. Carr's 168-month sentence was not procedurally or substantively unreasonable. The district court explicitly considered the 18 U.S.C. § 3553(a) factors; it was not required to do more. *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053–54 (9th Cir. 2009). Moreover, the sentence was within the Guidelines, and the district court did not rely on any erroneous facts or erroneous law.

5. Agent Than's destruction of his notes did not violate the Jencks Act. None of the notes sought by Carr were "statements" within the meaning of the Jencks Act. *United States v. Reed*, 575 F.3d 900, 921 (9th Cir. 2009).

6. The district court did not err in denying Carr a new trial on the basis of the "surprise" trial testimony of Carr's witness, John Weller, because Carr had every opportunity to impeach this witness at trial.

7. Carr's attorney was not ineffective for proposing an allegedly harmful jury instruction, because the district court did not accept the proposed jury instruction. Therefore, even if were error for Carr's attorney to propose such jury instruction, such action could not have prejudiced Carr.

**AFFIRMED.**