**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50221 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00107-RHW-1 |
| v. | |
| FRANK E. MENDOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Submitted June 4, 2012[**]
Pasadena, California

Before: TROTT and THOMAS, Circuit Judges, and SEEBORG, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

Frank Mendoza appeals from his conviction.  We affirm.  Because the parties are familiar with the history of this case, we need not recount it here.

I

A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.  *Cavazos v. Smith*, __ U. S. __, 132 S. Ct. 2, 4 (2011) (per curiam).  In this case, sufficient evidence supports Mendoza's conviction under the version of 31 U.S.C. § 5318(g)(2)(A)(i) in effect at the time of his conviction.[1]  That version of the statute made it unlawful for any financial institution employee who reported a suspicious transaction to a government agency to notify any person involved in the transaction that the transaction has been reported.  It is undisputed that Mendoza drafted a report that served as supporting documentation to the Suspicious Activity Report sent to the United States Department of Treasury's Financial Crimes Enforcement Network, and that he disclosed to a person involved in the transaction that it had been reported.

---

[1]31 U.S.C. § 5318(g)(2)(A)(i) was amended after Mendoza's conviction. Under the current version, an employee of a financial institution is prohibited from notifying any person involved in a suspicious transaction reported to a government agency that the transaction has been reported regardless of whether that employee is directly involved in the reporting of the transaction.

Mendoza argues that the statute does not embrace this type of activity. However, that argument was not preserved specifically. Further, Mendoza's counsel joined in proposing the jury instruction that contained the language to which he now objects. Therefore, he waived his objection to the instruction. *See United States v. Cain*, 130 F.3d 381, 383 (9th Cir. 1997) (counsel's signature on joint jury instructions evidences that he was aware of and relinquished right to challenge instruction). Given the applicable standard, there was sufficient evidence to support the conviction under the instruction given.

Mendoza also argues the court should have given an instruction requiring the jury to unanimously agree on the particular statement by Mendoza that constituted the prohibited disclosure. However, jurors need not unanimously agree on which fact satisfies the element of a crime. *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010).

II

The district court did not plainly err in not dismissing allegedly multiplicitous counts in the indictment. An indictment is multiplicitous when it charges multiple counts for a single offense, thus raising double jeopardy concerns. *United States v. Vargas-Castillo*, 329 F.3d 715, 718-20 (9th Cir. 2003). However, where a defendant fails to raise a multiplicity argument before a district court, we

3

review only for plain error.  *United States v. Smith*, 424 F.3d 992, 999-1000 (9th Cir. 2005).

Mendoza contends that the two bribery payments should have been considered a single act.  However, 18 U.S.C. § 215(a)(2) is silent as to whether each installment payment of a bribe amounts to a separate violation of the statute, and there is no controlling Supreme Court or Ninth Circuit authority on the question.  Where there is no controlling authority, any error is not plain error.  *United States v. Thompson*, 82 F.3d 849, 855-56 (9th Cir. 1996).

## III

We decline to consider Mendoza's ineffective assistance of counsel claim on direct appeal because the record is insufficiently developed.  *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

**AFFIRMED.**