NOT FOR PUBLICATION

FILED

DEC 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50560 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01081-BEN-1 |
| v. | |
| KRISTHEL SARAH BELTRAN-FLORES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 8, 2017**
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and GONZALEZ ROGERS,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, sitting by designation.

Kristhel Sarah Beltran-Flores (Beltran) appeals her conviction and sentence for one count of knowingly or intentionally importing a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 952 & 960. We affirm.

1. Even assuming that the jury should have been instructed that it was sufficient for Beltran to know that the substance was "a controlled substance" instead of "some kind of a prohibited drug," any error was harmless. Beltran claimed not to know that the methamphetamine was in the spare tire, not that she believed that the substance was not methamphetamine, or that it was not a controlled substance. Indeed, she stipulated that the substance was methamphetamine. There is no reason to believe, based on the circumstantial evidence, that the jury's deliberations and guilty verdict arose from anything other than its determination that Beltran knew that methamphetamine, a controlled substance, was in the spare tire.

2. The jury instruction that "The government is not required to prove that the defendant knew that her acts or omissions were unlawful," did not contravene *McFadden v. United States*, 135 S. Ct. 2298 (2015). Contrary to Beltran's argument, *McFadden*'s requirement that the government prove a defendant's knowledge that the substance was a controlled substance does not imply that the government must prove that a defendant knew that their conduct was

2

illegal. *See McFadden*, 135 S. Ct. at 2304 (stating expressly that ignorance of the law continues to be no excuse). And in any event, *McFadden* is not clearly irreconcilable with binding Ninth Circuit authority approving such an instruction. *See United States v. Cain*, 130 F.3d 381, 384 (9th Cir. 1997).

3. The jury instruction that "It does not matter whether the defendant knew that the substance was methamphetamine," did not constructively amend the indictment. Even though Beltran was indicted for knowingly and intentionally importing a substance containing a detectable amount of methamphetamine, no evidence was admitted nor was any argument made that Beltran knew that there was a non-methamphetamine controlled substance in the spare tire. *See United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014) ("[D]etermination of whether a constructive amendment has been effected requires sensitivity to both the jury instructions as a reflection of the indictment, and to the nature of the proof offered at trial.").

4. Beltran's argument that the panel should read a recklessness mens rea requirement into 21 U.S.C. § 960(b) is squarely foreclosed by *United States v. Jefferson*, 791 F.3d 1013, 1015–16 (9th Cir. 2015). The panel declines her invitation to sua sponte call this case en banc to reconsider *Jefferson*, and her

attempt to distinguish *Jefferson* ignores its clear holding—there is no mens rea requirement for section 960(b). *Id.*

5. In response to the presentence investigation report ("PSR") that recommended no adjustment for Beltran's role in the offense, Beltran's counsel filed a sentencing memorandum urging the court to apply a minor role adjustment. The district court did not mention Beltran's argument at sentencing. However, the district court's silence did not violate Federal Rule of Criminal Procedure 32(i)(3)(B). Beltran's counsel's first substantive statement at sentencing was that he had reviewed the PSR, had no objections to it, and had not filed a sentencing summary chart because he agreed with the chart prepared by the government and probation, which did not include a minor role adjustment. Beltran's counsel thereby waived any dispute raised by his sentencing memorandum and relieved the district court of its duty to explicitly resolve such disputes. *See United States v. Petri*, 731 F.3d 833, 841 (9th Cir. 2013) ("Rule 32(i)(3)(B) pertains only to *unresolved* objections to the presentence report." (emphasis added)); *cf. United States v. Job*, 871 F.3d 852, 870 (9th Cir. 2017). Notwithstanding the waiver, ideally, the district court would have verified that the written objections were withdrawn.

**AFFIRMED.**