NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50038 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:20-cr-00110-DOC-5<br>2:20-cr-00110-DOC |
| CAU HONG, AKA Cay A., AKA Hong, AKA A. Cau Hong, AKA Calvin Hong, AKA Cau Kevin Hong, AKA Kevin Calvin Hong, AKA Kevin Cau Hong, AKA Kevin Cay Hong, AKA Thai Binh Hong, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 5, 2024
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Cau Hong appeals his conviction for conspiracy to possess and distribute

methamphetamine, in violation of 21 U.S.C. § 846, and distributing

methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). He

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

challenges the district court's admission of the statements of Quynh Nguyen ("Quynh") under Federal Rule of Evidence 801(d)(2)(E), the sufficiency of the evidence for his conspiracy conviction, the district court's jury instructions on entrapment and sentencing entrapment, the verdict form, and the rejection of his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.    "Under Rule 801(d)(2)(E), the statement of a co-conspirator is admissible against the defendant if the government shows by a preponderance of the evidence that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir. 2000). Hong only challenges the district court's finding that a conspiracy existed, which we review for clear error. *United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007).

The district court did not clearly err.[1] A district court "may consider the contested hearsay statements themselves, along with all other evidence, in

---

[1]    Hong also claims that Quynh's statements violated his rights under the Confrontation Clause but acknowledges that the requirements for admitting a co-conspirator's statements under Rule 801(d)(2)(E) are identical to the requirements under the Confrontation Clause. *See Bourjaily v. United States*, 483 U.S. 171, 182–83 (1987). Because we hold Quynh's statements are admissible under Rule 801(d)(2)(E), his constitutional claim also fails. *See id.*

determining whether the defendant had knowledge of and participated in the conspiracy." *United States v. Silverman*, 861 F.2d 571, 577 (9th Cir. 1988). But, aside from the hearsay statements, there must be some independent evidence corroborating the existence of a conspiracy. *United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988).

Here, co-conspirator Quynh's statements are probative evidence of a conspiracy. Quynh stated that she would give Hong's phone number to the informant, to whom Hong would sell methamphetamine. Quynh facilitated the sale by vouching for Hong's trustworthiness and by giving the informant a description of Hong. Quynh also admitted and pleaded guilty to conspiring with Hong to possess with intent to distribute at least 50 grams of methamphetamine.

Because hearsay statements are presumptively unreliable, "a co-conspirator's statement implicating the defendant in the alleged conspiracy must be corroborated by fairly incriminating evidence." *Silverman*, 861 F.2d at 578. Here, Hong's statements and conduct are "incriminating" evidence corroborating the conspiracy. When the informant called Hong, Hong acknowledged that Quynh had spoken to him about the deal, and then negotiated the price of the methamphetamine even though the informant never mentioned what drug he was calling about. Additionally, the fact that Hong showed up at the time and place of the sale arranged by Quynh corroborates the reliability of Quynh's statements. *See Bourjaily*, 483 U.S. at 180–

3

81 (holding that co-conspirator's statements were corroborated when the defendant "showed up at the prearranged spot at the prearranged time" to accept the drugs).

2.     We review sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and asking whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jaimez*, 45 F.4th 1118, 1122 (9th Cir. 2022) (cleaned up). To establish a conspiracy to distribute drugs, the government must prove: "(1) there existed an agreement between two or more persons to possess with intent to distribute or to distribute the controlled substance; and (2) the defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose." *Id.* at 1123 (cleaned up).

"It is not necessary that the conspirators made a formal or express agreement or that they agreed on every detail of the conspiracy. Rather, the agreement may be inferred from the defendants' acts pursuant to the scheme and other circumstantial evidence." *United States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) (citations omitted). "Once the existence of a conspiracy has been shown, evidence establishing a defendant's slight connection with the conspiracy beyond a reasonable doubt is sufficient to convict the defendant of knowing participation in the conspiracy." *United States v. Garza*, 980 F.2d 546, 552 (9th Cir. 1992).

The government offered sufficient evidence at trial for the jury to conclude

4

that Hong conspired to distribute methamphetamine. The jury could reasonably infer a conspiracy from Quynh's role as an intermediary, introducing the informant to Hong and facilitating the sale by providing the informant with Hong's phone number, providing a description of Hong, and vouching for his trustworthiness. Hong's statements, his conduct, and the consummated sale further support that inference. *See United States v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 1997) ("Coordination between conspirators is strong circumstantial proof of agreement.").

3.      Hong waived any objections to the jury instructions on entrapment. When a defendant "proposed the instruction to which he now objects" and "the basis for his challenge . . . was already on the books," the objection is waived. *United States v. Cain*, 130 F.3d 381, 383 (9th Cir. 1997) (cleaned up). The entrapment and sentencing entrapment jury instructions Hong challenges are verbatim the instructions that he proposed and that the district court adopted. His objections to the instructions, raised for the first time on appeal, rely on caselaw that was "on the books" at the time of his trial.

4.      We review for plain error objections to the verdict form that were not raised below. *United States v. Pineda-Doval*, 614 F.3d 1019, 1031 (9th Cir. 2010). Hong challenges the Count Two verdict form, which asked the jury to determine whether it found Hong guilty of distribution of methamphetamine. Although Count Two charged Hong with distribution in violation 21 U.S.C. § 841(a)(1),

5

(b)(1)(A)(viii), the Count Two verdict form incorrectly identified distribution as being "charged in Count One of the indictment."

The incorrect reference to Count One did not affect Hong's substantial rights. Indeed, Hong concedes that because he received identical concurrent sentences for the conspiracy count and the distribution count, the error in the Count Two verdict form did not lengthen his sentence.

5.      In ruling on a *Batson* challenge, the district court must apply a three-part framework: (1) the defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; (2) if the defendant makes such a showing, the government must offer a race-neutral basis for striking the juror in question; and (3) the district court must determine whether the defendant has shown purposeful discrimination. *Miller-El v. Cockrell*, 537 U.S. 322, 328–29 (2003). Although we ordinarily review a district court's ruling on a *Batson* challenge for clear error, we "have applied de novo review . . . where the court improperly applied" the *Batson* framework. *United States v. Mikhel*, 889 F.3d 1003, 1028 (9th Cir. 2018).

Here, the district court rejected Hong's challenge at step one, finding that the jury panel was "extraordinarily well-balanced in terms of racial makeup." However, a district court may not rely solely on the fact that other jurors of color remain on a jury to deny a *Batson* challenge. *See Shirley v. Yates*, 807 F.3d 1090, 1102 (9th Cir.

6

2015).

But applying de novo review, we find no reversible error. Hong argues that the government's use of a peremptory strike on one of two men of color[2] in the jury pool is statistically significant. But these numbers are too "small to rely on alone." *Nguyen*, 45 F.4th at 1102. And, the totality of the circumstances does not raise an inference that the strike was discriminatory. The government did not use any of its other peremptory strikes on jurors of color. *See Gonzalez v. Brown*, 585 F.3d 1202, 1210 (9th Cir. 2009). Additionally, the record is devoid of evidence that the government "treated otherwise similar jurors differently because of their membership in a particular group." *Hoyos v. Davis*, 51 F.4th 297, 312 (9th Cir. 2022). To the contrary, the record shows that the government struck a white juror for expressing negative views of law enforcement and the criminal justice system, the same justification offered for its strike of the challenged juror. *Cf. United States v. Alvarez-Ulloa*, 784 F.3d 558, 567 (9th Cir. 2015).

**AFFIRMED.**

---

[2] Hong contends that men of color constitute a cognizable protected class for *Batson* purposes but concedes that neither the Supreme Court nor this court has recognized a combined gender and race class as a cognizable group under federal law. *See Nguyen v. Frauenheim*, 45 F.4th 1094, 1100 (9th Cir. 2022). Even if we were to hold that a mixed race and gender class is a cognizable group, "it would be too late to help [Hong] because the new rule could not be applied retroactively to [Hong's] case." *Cooperwood v. Cambra*, 245 F.3d 1042, 1046 (9th Cir. 2001).